### THE PEOPLE *ex rel.* William Foos

*v.*

### THE COMMISSIONERS OF HIGHWAYS.

1. LAYING OUT HIGHWAY—*revocation of proceedings.* If commissioners of highways regard the damages assessed in favor of an owner over whose land a public road is laid out as manifestly too high, and that the payment of the same will be an unreasonable burden upon the tax-payers, they may revoke all proceedings had, by a written order to that effect; and such order will annul all proceedings, assessments, releases and agreements in respect to damages, and this may be done when the damages are agreed upon by the land owner and the supervisors on an appeal, and in such case the owner of the land can not enforce payment of the damages.

2. MANDAMUS—*to compel payment of damage for road.* A petition for a *mandamus* to compel commissioners of highways to pay damages agreed upon between the petitioner and the supervisors, on an appeal growing out of the laying out of a road over his land, which fails to show that the commissioners had taken possession of the road or recognized it as a legally established highway, or that the order for the road had not been revoked, is fatally defective.

3. A person applying for a writ of *mandamus* must show a clear right to the relief sought, and that he has no other adequate remedy.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Mr. J. S. Lothrop, for the plaintiff in error.

Mr. Thomas J. Smith, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

Plaintiff in error filed his petition, in the court below, for a writ of *mandamus* to compel defendants in error to pay the damages awarded to plaintiff in error by reason of locating a public road over his land, and if there was no money for the purpose, to compel the levy of a tax to pay the same. Defendants filed a demurrer to the petition, which was sustained by the court, and the petition dismissed at the costs of petitioner. From that judgment he prosecutes error to this court, and urges a reversal.

It is claimed, the allegations of the petition are insufficient to justify the granting of the relief prayed. It fails to state that the commissioners had taken possession of the road, or had done any act recognizing it as a legally established highway, nor does it allege that the order establishing the road was unrevoked, or that it was in force at the time the petition was filed. Under the 87th section of the Road and Bridge law, the commissioners, on the seventh day of February, 1874, made an order establishing it a public highway; but, in pursuance to the statute, petitioner, eleven days after the time of making the order establishing it, but within ten days after the order was filed with the town clerk, appealed from the verdict of the jury finding that he would sustain no damages by reason of opening the road. On a hearing of the appeal, on the 27th day of the same month, by agreement with the three supervisors hearing the appeal, he was allowed $750 as the damages he would sustain. It is alleged, that in pursuance to this order, petitioner opened the road to public use and travel, and that, on demand, the highway commissioners refused to pay the damages or to provide therefor by levying a tax, under the law.

The 88th section of the Road law provides, that the com-

missioners, if they regard the damages assessed as manifestly too high, and that the payment of the same would be an unreasonable burden upon the tax-payers of the town, shall revoke all proceedings had upon the petition, by a written order to that effect, and such order shall annul all proceedings and assessments, releases and agreements in respect to damages growing out of the proceedings on the petition. The 99th section allows and prescribes the manner of prosecuting appeals from verdicts of juries in assessing damages, and other orders. And the 100th section prescribes the mode of proceeding on the trial of appeals, and gives the same powers to the three supervisors that are conferred on the commissioners, not only in regard to laying out, altering, widening or vacating any road, but shall have the same power to cause a jury to be called to assess damages, whenever the state of the proceedings shall require it, and the supervisors can not agree with the owner of the land in regard to the same.

Here, it is alleged, the supervisors and plaintiff in error agreed, as the statute authorized them to do, on the amount of damages the town should pay before opening the road.

It is manifest that, under the 88th section of the act, the commissioners had the undisputed power to revoke the order locating the road, and thus annul all proceedings had after the damages were agreed upon by the owner and the three supervisors hearing the appeal. The petition fails, by proper allegations, to show that such an order was not made, or even that the commissioners required the road to be opened, even if such an argumentative averment would be admissible under the rules of pleading. The right of plaintiff in error to payment of the amount agreed upon, is wholly dependent, if the law has been complied with in all other things, upon the order establishing the road continuing in force. If that has been revoked, then he has no more right to receive the money than if no proceedings had been instituted, and from aught that appears such a revocation may have been made. A person applying for a writ of *mandamus* must show a clear right

to the relief, and that he has no other adequate remedy. That is not shown in this case—on the contrary, there is no right shown.

The petition was fatally defective, and the demurrer was properly sustained, and the judgment of the court below is affirmed.

*Judgment affirmed.*