PETER WHITMER *et al.*

*v.*

COMMISSIONERS OF HIGHWAYS.

*Filed at Springfield September 30, 1880.*

1. APPEAL—*from order vacating road—by whom.* The right of appeal from an order of commissioners of highways vacating a road, or part of a road, to three supervisors, is not limited to persons whose lands adjoin upon the road, as the only ones interested. A person may have an interest in the establishing or vacating of a road merely as a thoroughfare for travel, without having any land to be taken or restored.

2. The portion of a public road vacated by commissioners of highways did not actually touch the land of a party complaining, but was within a short distance of it, and not far from his house, which had been built with reference to such road, and the part vacated ran diagonally across an adjoining quarter section of land, the vacation carrying the travel around part of two sides of such quarter. The road so vacated was a portion of a road leading from the premises of the person so situated to the county seat, and to a railroad station which was his principal market. It was *held*, such person was entitled to an appeal from the order of vacation to three supervisors.

3. SAME—*former decision.* In the case of *Taylor et al.* v. *Town of Normal*, 88 Ill. 526, it was held that no person has the right of appeal from the decision of commissioners of highways in laying out a new road, or vacating an old one, unless he is the owner of land adjoining the road to be laid out or

vacated: If that is to be taken in the strict meaning of touching the land, so that no person can appeal from such an order unless he is the owner of land which is actually touched by the road to be laid out or vacated, the construction adopted in that case was a too narrow one.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. WILLIAMS, BURR & CAPEN, for the appellants:

The only question in this case is whether Thomas D. Sabin had a right to appeal from the decision of the commissioners of highways in vacating the road. We claim that he had a direct and pecuniary interest in this road not shared in by the public at large. *Taylor et al.* v. *Commissioners of Highways*, 88 Ill. 527.

A public highway is to some extent an entirety, and each land owner whose lands adjoin the road is virtually "interested" in the entire road, and any attempt to vacate a portion of the entire road can be resisted to the extent of the law, by any person whose lands adjoin any portion of the road. *Gray* v. *Lott*, 18 Ill. 251.

Sabin's land did adjoin the White Oak Grove road. The road was one of long standing, and in constant use. Sabin had a right to build his house and barn upon that road, with the assurance that it would remain a public highway, because the public interest evidently required it, and no impartial tribunal would ever permit it to be closed up.

The case of *Hoag* v. *Switzer*, 61 Ill. 294, was decided under the old constitution. By the 13th sec. art. 2 of the bill of rights of the present constitution, it is provided, "Private property shall not be taken or *damaged* for public use, without just compensation."

We suggest, either the statute refusing any one who is interested the right to question the act of the road commissioners, does not mean that the question of interest is to be determined solely upon the question as to whether the road

touches the land of the party desiring to complain, or if it does mean that, as seems to be held by this court, in *Taylor v. Town of Normal*, 88 Ill. 526, it is unconstitutional, and we respectfully ask this court to review that decision in this light. *City of Chicago* v. *Rumsey*, 87 Ill. 348; *The People ex rel.* v. *McRoberts*, 62 id. 38; *Keithsburg and East. R. R.* v. *Henry*, 79 id. 290; *L. B. and M. R. R. Co.* v. *Winslow*, 66 id. 219.

Mr. JOHN E. POLLOCK, for the appellees:

The only effect of vacating the proposed piece of road will be to compel travel to pass along the base and perpendicular of the triangle shown in the north-east quarter of section 14, instead of allowing it to pass over the hypothenuse.

Sabin lives in section 11, on the north side of the road between sections 11 and 14, on the west side of the White Oak road. No portion of the vacated road is on his land. Brown and Snedaker are the only persons who own the land over which the vacated road runs.

As counsel for appellants state, the only question before this court is, "whether Sabin had a right to appeal from the decision of the commissioners of highways in ordering said road to be vacated." To put it in different words, is Sabin *interested*, within the meaning of the statute, (sec. 58, Rev. Stat. 1877, p. 875,) which says any person *interested*, etc., can appeal. This section of the statute has been construed, and persons who are *interested*, within its meaning, defined by the Supreme Court, in the case of *Taylor et al.* v. *The Commissioners of Highways of the Town of Normal*, 88 Ill. 526.

Under a similar statute this court held inferentially that a party whose land does not appear to be taken or touched can not appeal. *Town of Winfield* v. *Moffett et al.* 42 Ill. 47. See *Burnam et al.* v. *Goffaten et al.* 50 N. H. 560.

If Sabin had a right to appeal, then any person that traveled the road had the same right. The statute will not bear any such construction.

A party is not entitled to damages by reason of the construction of a highway adjoining and abutting against his lands when no part thereof has been taken for the uses of the road. *Hoag* v. *Switzer et al.* 61 Ill. 294. It would seem to follow that if Sabin could not claim damages for the vacation of the road, he is not interested within the meaning of the statute.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In April, 1879, a petition was presented to the commissioners of highways of Dry Grove township, in McLean county, to vacate a portion of a road known as the White Oak Grove road. The commissioners of highways granted the prayer of the petition, and made an order vacating the portion of the road asked for. From this order Thomas D. Sabin took an appeal to three supervisors of the county, as provided by statute, and on a hearing the supervisors reversed the decision of the commissioners of highways.

The commissioners of highways brought the record and proceedings into the Circuit Court of McLean county by writ of *certiorari,* which court, upon hearing, quashed the proceedings of the three supervisors. On appeal to the Appellate Court for the Third District, that court affirmed the judgment of the circuit court, and the case comes here on appeal from the judgment of the Appellate Court, it making the required certificate under the statute.

The only question presented is, whether Sabin had such an interest as entitled him to take an appeal from the order of the commissioners of highways to the three supervisors.

The statute in that regard is, that "Any person or persons interested in the decision of the commissioners of highways, in determining to or in refusing to lay out, alter, widen or vacate any road, or revoking any previous order or decision

relative to any road, or from the verdict of any jury in assessing damages in opening, altering or vacating any road, may appeal from such decision to three supervisors of the county," etc.  Rev. Stat. 1874, p. 928, § 99.

The situation of Sabin with respect to the vacated portion of the road appears to be this: The White Oak Grove road, running in a south-easterly direction, passes through sections 11 and 14, which adjoin each other, section 11 being on the north.  The vacated portion of the road commences at the north line of section 14, some twenty rods east from the north-west corner of the north-east quarter, and extends south-easterly to the east line of the section at a point about 120 rods north of its south-east corner.

There is a public road running along on the north and east lines of section 14, so that the vacated portion of the White Oak Grove road, and the public road on the north, and that on the east line of the section form the three sides of a right angle triangle, the vacated road being the hypothenuse; thus the effect of the vacation being to compel travel to pass around the right angle of the triangle along the north and east lines of the section, instead of allowing it to pass over the hypothenuse.  Brown and Snedaker live on the east half of section 14, and are the only persons who own the land over which the vacated portion of the road runs.

Sabin owns and resides upon the west half of the south-east quarter of section 11, through which the unvacated portion of the White Oak Grove road runs.

It appears that Sabin built a house upon his land on the White Oak Grove road, and solely with reference to that road, which is the only road running past his house; that said road is now, and has been for twenty-five years past, the regular traveled road, and the only direct road from Sabin's farm over the vacated portion to Bloomington, the county seat of the county, and the only market town and railroad station convenient to that part of the county where Sabin resides.  The point in the north line of section 14, where the

vacated portion of the road commences, is only about twenty-five or thirty feet from the line of Sabin's land, being one-half the width of the road on such north line, and is only 100 or 150 yards distant from his house.

It will thus be seen that no part of the vacated portion of the road actually touches the land of Sabin, and for that reason it is insisted by appellee that Sabin had no right of appeal from the order of the commissioners of highways vacating the portion of the road which they did, relying upon the case of *Taylor et al.* v. *Town of Normal*, 88 Ill. 526, in support of the position, where it was held that no person has the right of appeal from the decision of commissioners of highways in laying out a new road or vacating an old one, unless he is the owner of land adjoining the road to be laid out or vacated. If that is to be taken in the strict meaning of touching the land, so that no person can appeal from such an order unless he is the owner of land which is actually touched by the road to be laid out or vacated, we are satisfied that the construction there adopted was a too narrow one. The language of the statute is, that any person "interested" in the decision of the commissioners of highways may appeal. Surely there may be persons who have a deep interest, ordinarily speaking, in the laying out or in the vacating of a road, merely as a thoroughfare for travel, without having any land to be taken or restored to them in consequence of laying out or discontinuing the road.

And in allowing the right of appeal to such persons, or to one whose land is not actually touched by the road, it would not necessarily follow, as is insisted, that any citizen of the State might appeal, as having an interest in the public highways.

There are degrees of such interest, rendering proper the right of appeal in one case, where it might not be in another.

The statute recognizes that there may be an interest in the laying out and vacation of roads beside that arising from the taking or restoration of land to a land owner, as well as that

the public at large may be differently interested in its requiring, in order to the laying out or vacation of any road, that it shall be petitioned for by a particular class of persons within a certain distance, to-wit, by not less that twelve freeholders residing within three miles of the road so to be laid out or vacated; thus implying, it may be reasonably claimed, that there is a special interest in the road in such class of persons, or, at least, that the sole interest in the road is not with the land owners whose lands are to be affected by imposing upon or removing from them the easement of the road.

There seems to be some significance in this respect, too, in the change of phraseology in giving the right of appeal, in the present statute, from that of the former statute. The former statute (Laws 1861, p. 258, sec. 68) gave the right of appeal from the order of the commissioners of highways laying out or discontinuing a road only to the "owners of or agents for any tract of land upon the route or line of or over which the highway altered, discontinued or laid out shall run."

The law of 1872, and in force since, (Laws 1871–2, p. 692, sec. 70), in giving such right of appeal, made a change in the language, giving the right to "any person or persons interested in the decision of the commissioners of highways."

A broader term is here used in the latter statute, the word "interested" admitting of a wider application than the words, owners of the land upon the route or line of or over which the highway laid out or discontinued ran, fairly indicative, we think it may be said, of the intention to enlarge the right of appeal and extend it beyond the particular land owners to whom it had before been given.

The laying out or vacation of a public highway is for the public benefit and a matter of public concern, and not for the benefit of the land owners alone, over whose land the road passes. The latter are not necessarily actors in the pro-

ceeding,—they are not required to be of the designated persons on whose petition only can the road be laid out or vacated. The decision of the commissioners of highways upon the question of laying out or vacating the road is of general public concern, as it pertains to a matter of public benefit, and there seems no reason why the right of appeal from such a decision should be limited to the particular individuals whose lands adjoin upon the road, and they alone be held to be the persons who are " interested in the decision of the commissioners of highways in determining to or in refusing to lay out or vacate any road."

Without attempting to draw the dividing line between the persons who are and who are not interested in such a decision, we are of opinion that, although the vacated portion of the road here did not actually adjoin and touch the land of Sabin, yet, circumstanced as he was with respect to it, he had an interest in its continuance, and such an interest, that he may properly be considered as a person interested in the decision of the commissioners of highways vacating the road, within the contemplation of the statute giving the right of appeal to any person " interested" in such a decision; and that, as a person interested, he was entitled to take the appeal which he did from the decision of the commissioners of highways vacating the portion of the road.

The judgment of the Appellate Court is reversed and the cause remanded.

*Judgment reversed.*

SCHOLFIELD, J.: I do not concur in this opinion. Sabin has no other interest in the change in the road than any other person whose pleasure or necessity may induce him to pass over the road. He is not denied ingress or egress to or from his land by the change, but simply, as is everybody else, is compelled to pass along the base and perpendicular of a triangle instead of along the hypothenuse. His inconvenience differs from that of every other citizen in degree only,

but not at all in principle.   I concede that any one sustaining a special injury not common to the public, is entitled to appeal, but I deny that Sabin sustained such injury.

WALKER, J.:   I concur with my brother SCHOLFIELD in his views dissenting from the opinion of the majority of the court.

CRAIG, J.:   I do not concur with the majority of the court in this decision.