## THE TOWN OF OSWEGO *et al.*

### *v.*

## GEORGE W. KELLOGG *et al.*

*Filed at Ottawa May 14, 1881—Rehearing denied September Term, 1881.*

1. FORMER ADJUDICATION—*as to proceedings to establish road, binding.* The decision of the circuit court in awarding a peremptory writ of *mandamus* to compel the commissioners of highways to act upon a petition to lay out a highway, is conclusive, until reversed, of the questions involved, among which are the validity and regularity of the preliminary proceedings for the road, and the regularity of such proceedings as may thus have been passed upon can not be questioned by the town or its officers in a collateral proceeding, as, on *certiorari* in the circuit court to review the action of the inferior tribunals concerning the establishment of the proposed road.

2. APPEAL—*when it lies in respect to laying out highway.* Under the Road law in force July 1, 1877, any person interested in the road sought to be laid

out, had the right to appeal from the final order of the commissioners of high-ways revoking and annulling their previous order for the establishment of the road, on the ground that the payment of the damages assessed would be burdensome on the town.

3. Same—*how taken from decision of commissioners of highways.* Under the Road law taking effect July 1, 1877, an appeal from the order of commission-ers of highways revoking all previous orders for laying out a road, is properly taken by giving written notice thereof to the commissioners and to three of the original petitioners for the road, within ten days after the filing of such decision in the town clerk's office, and presenting a petition in writing to a justice of the peace of the county, asking for an appeal, stating upon what grounds it is taken, with a sufficient bond for the payment of costs in case of affirmance; and when this is done, the supervisors selected will be invested with jurisdiction to hear and determine the appeal.

4. Same—*who may appeal from orders relating to road.* Persons who are freeholders of the town in which it is proposed to establish a road, and resid-ing therein, have such an interest in the proceeding to establish the same as to entitle them, under the statute, to appeal from the final order of the commissioners of highways vacating the proceedings to establish the road.

5. Appeal bond—*security is not required on bond.* The statute giving an appeal from orders and decisions of commissioners of highways in respect to laying out, etc., of highways, does not require that the appellants shall give security on their bonds. It only requires a sufficient bond to be given, and its sufficiency may be determined by the officer taking it, who may be either the town clerk or the justice of the peace.

6. Same—*amending by alteration—binding on those consenting or ratifying.* The alteration of an appeal bond given on a road appeal, by striking out the name of the obligee and inserting the proper one, will not render the same invalid as to the obligors present and consenting thereto, or who ratify the same afterwards by trying the appeal, and thereby availing of a right under the bond, as amended.

APPEAL from the Appellate Court for the Second District; —heard in that court on appeal from the Circuit Court of Kendall county; the Hon. CHARLES KELLUM, Judge, pre-siding.

Mr. CHARLES WHEATON, and Mr. A. E. SEARLES, for the appellants:

The *certiorari* upon which the road proceedings are brought to the circuit court for review, is the common law writ of *certiorari,* and the office and effect of that writ is to bring up

the entire record from the inferior tribunal or body, so that no record with regard to the subject matter remains before the inferior tribunal or body, and there is nothing for such body to act upon. *People ex rel. Loomis et al.* v. *Williamson,* 13 Ill. 661; *Parks* v. *City of Boston,* 8 Pick. 218; *Groemelt* v. *Bunnell,* 1 Ld. Raym. 471.

This writ affords the only mode by which to question the jurisdiction of the commissioners of highways in regard to laying out a highway. *Com'rs of Highways* v. *Harper,* 38 Ill. 103.

Sec. 72, chap. 121, Rev. Stat. 1874, requires the commissioners of highways to fix upon a time when they will meet and act, which meeting must be within twenty days after the expiration of the twenty days' posting of the petition. After the twenty days specified in sec. 72 have elapsed, the power of the commissioners to act is gone, absolutely and irrevocably. They have no further jurisdiction, and the courts can not confer any. *Com'rs of Highways* v. *Harper,* 38 Ill. 104; *Shinkel et al.* v. *Magill et al.* 58 id. 422; *Wood* v. *Com'rs of Highways,* 62 id. 391; *Curley et al.* v. *Kennedy,* 28 id. 145.

The proceedings of the commissioners in making the so-called final order being a nullity, no appeal would lie from it. There was nothing to appeal from. *Com'rs, etc.* v. *The People,* 2 Bradw. 24.

No person has a right to appeal from the decision of the commissioners of highways in laying out a road, unless he is the owner of land adjoining the road. *Taylor et al.* v. *Com'rs of Highways,* 88 Ill. 526.

The right to appeal is a jurisdictional fact to the action of the supervisors, and all jurisdictional facts must appear in the record. All matters and proceedings relative to laying out a road are to be considered *stricti juris.* *Frizell* v. *Rogers,* 82 Ill. 109; *Warne* v. *Baker,* 35 id. 382; *Curley et al.* v. *Kennedy,* 28 id. 143.

The appeal bond was made payable to Samuel J. Van Dorston, supervisor of the town of Na-au-say, when it should

have been payable to William Parker, supervisor of the town of Oswego.

It must affirmatively appear upon the record that the notices of the appeal were served within ten days after the filing of the final order by the commissioners with the town clerk. The statute is mandatory.

The justice of the peace had no right to allow an amendment of the appeal bond. It could only be allowed by the supervisors. *Town of Winfield* v. *Moffatt et al.* 42 Ill. 47.

The alteration of the bond was material, and being made in the absence of some of the obligors, made the bond a nullity.

Mr. BENJAMIN F. HERRINGTON, for the appellees:

The judgment of the circuit court awarding the *mandamus* is *res adjudicata,* and this court will not sit as a court of errors upon the circuit court in a collateral proceeding. If the circuit court erred, the remedy was by appeal or writ of error, and not by the common law writ of *certiorari.*

The case of *Taylor et al.* v. *Com'rs of Highways,* 88 Ill. 526, is cited as holding that no person has a right to appeal from the decision of commissioners in laying out a road, unless he is the owner of land adjoining the road. That was where they laid out a road, and not as in this case. See *Whitner et al.* v. *Com'rs of Highways,* 96 Ill. 289.

If there had been any defect in the time or manner of giving notice of the appeal, it was cured by the appearance of the parties. *Keech* v. *The People,* 22 Ill. 482; *Baldwin* v. *Murphy,* 82 id. 485; *Mineral Point Ry. Co.* v. *Keep,* 22 id. 9; *Vance* v. *Funk,* 2 Scam. 263; *Town of Winfield* v. *Moffatt,* 42 id. 47; *Edens* v. *Williams,* 36 Ill. 252; *Anderson* v. *Wood,* 80 id. 15.

The record shows that the only objection to the appeal bond was made before the justice, and not the supervisors. The alteration was not a material one, as it did not affect the

rights of the parties. *Reed* v. *Kemp,* 16 Ill. 445; *Rudesill* v. *Jefferson County,* 85 id. 446.

It was altered with the consent of the parties to it, and they ratified it. *Town of Winfield* v. *Moffatt,* 42 Ill. 47.

Mr. Justice Scott delivered the opinion of the Court:

This was a petition for a *certiorari,* to bring before the circuit court for review certain proceedings had by the proper authorities in laying out a public road in the town of Oswego, in Kendall county. On the hearing in the circuit court the petition was dismissed, and that judgment was affirmed in the Appellate Court. The case is brought to this court by petitioners.

It appears from the record, that on the 20th of July, 1876, the requisite number of freeholders residing in the town of Oswego, and within three miles of the proposed road, presented their petition to the commissioners of highways of that town, asking them to lay out and open a public road on the route described in the petition. Proof was made of posting the requisite number of copies of such petition, as required by law, and notice was given of the time and place when and where the commissioners would meet to consider such petition. Accordingly the commissioners did meet at the time and place appointed, but refused to take any action on such petition, for the reason then stated, they had, within a year before, acted on a petition for the same road, and had refused to lay out a road on the route proposed. At the next term of the circuit court of Kendall county, in which county the town of Oswego is situated, which was the January term of that court, a petition was presented for a *mandamus* to compel the highway commissioners to act, and to either grant or refuse the prayer of the petition to lay out and open the road. Such proceedings were had in the circuit court that a peremptory writ of *mandamus* was awarded, directed to the highway commissioners, requiring them to proceed, and without further delay or excuse, to act in the premises, and defining with

distinctness what duties the commissioners should perform in case they refused to lay out and open the road, and how they should proceed in case they determined to grant the prayer of the petition for the road. Service of the writ was only had on two of the commissioners of highways, the other one being temporarily absent from the State. In obedience to the mandate of the court, the commissioners upon whom service was had gave the usual notice of the time and place when and where they would hear reasons for or against laying out the road. On convening, and considering the petition, it was found the commissioners could not agree,—one being in favor of establishing the road and the other against it. That decision was publicly announced, and on report being made to the circuit court of their action, the return was quashed and an *alias* writ of *mandamus* was issued, commanding the commissioners, as they were commanded in the former writ, to proceed to hear the petition, and either grant or refuse the prayer. Service of this writ was had on all the commissioners, and after giving the statutory notice of the time and place of meeting to consider the petition, they met, and unanimously agreed to lay out the road. The usual steps required by the statute were taken to ascertain the damages that would be sustained by parties over whose lands the proposed road would pass, and with whom the commissioners could not agree as to the damages that would be sustained by the construction of the road. The damages assessed to the several claimants on the line of the road in the aggregate amounted to $4300. That sum the commissioners of highways deemed would be an unreasonable burden on the tax-payers of the town, and accordingly they revoked all proceedings previously had on the petition in regard to the road, and on the 13th day of April, 1878, filed a final order embodying their decision in the office of the town clerk. On a return being made of the decision of the commissioners of highways to the *alias* writ of *mandamus* to the May term of the court, 1878, it was

deemed sufficient, and they were discharged from further action.

An appeal was taken by three of the petitioners for the road, under the 58th section of the act of 1877, from the final order of the commissioners of highways revoking the proceedings had on the petition and refusing to establish the road, to three supervisors of the county. On the hearing of that appeal, the supervisors acting determined to and did lay out the road, observing the provisions of the statute as to giving the notices required to be given, and caused the damages that would be occasioned to the land owners over which it would pass to be assessed in the manner provided by law.

After the final order made by the three supervisors to lay out and establish the road had been filed in the office of the town clerk, the town of Oswego, and certain persons acting with it, presented their petition for a writ of *certiorari,* to bring before the circuit court awarding the writ all the proceedings of the inferior tribunals had in respect to the road.

The questions made and discussed relate to the validity and regularity of the proceedings of the inferior tribunals. The petition for *mandamus* set forth all the preliminary steps that had been taken to procure the laying out of the road, and the validity and regularity of those proceedings prior to suing out the writ were distinctly involved. It must be held the court found such proceedings conformed to the statute. The decision awarding the peremptory writ of *mandamus* implies such finding, otherwise the court would not have directed and commanded the commissioners of highways to proceed to act. That decision stands unreversed, and whether it was right or wrong it is conclusive of the questions involved. The court had jurisdiction to hear the cause, and its judgment can not be called in question in a collateral proceeding, as is attempted to be done in this case.

It only remains, therefore, to ascertain whether the proceedings in respect to laying out the road, had subsequent to the action of the commissioners of highways in obedience to

the writ of *mandamus,* were regular, and conform substantially with the requirements of the statute in such cases. The appeal from the action of the commissioners was properly taken, under the 58th section of the act in regard to roads and bridges in counties under township organization, in force July 1, 1877. That section provides, that any person or persons interested in the decision of the commissioners of highways in determining to or refusing to lay out a public road, or revoking any previous order or decision relative to any road, may appeal from such decision to three supervisors of the county outside of the town in which such road or proposed road is located, by giving written notice of such appeal to the commissioners of highways and to at least three of the petitioners, within ten days after such decision has been filed in the office of the town clerk, and also presenting a written petition to some justice of the peace of the county asking for an appeal, and stating on what grounds the appeal is taken. Section 61 of the same act makes the party appealing liable to pay the costs of such appeal in case the decision of the highway commissioners is in all things sustained, and such party is required to file with the justice of the peace or the town clerk, before taking the appeal, a sufficient bond guaranteeing payment of such costs.

In this case the commissioners of highways had revoked their previous decision and all orders relative to the road to be laid out, and there was then presented the exact case where any person interested was authorized to take an appeal from such decision by complying with the provisions of the statute. On inspecting the record sent up to the circuit court, it will be seen the decision of the highway commissioners revoking all previous orders relative to the proposed road was filed in the office of the town clerk on the 13th day of April, 1878. It also appears, written notice was given to the commissioners of highways and to three of the original petitioners for the road, of the intention of the parties applying to take an appeal from the decision of the commissioners of highways

within ten days after the filing of such decision in the office of the town clerk. A petition in writing was presented to a justice of the peace of the county, asking for an appeal, and stating on what grounds it was taken, and sufficient bond signed by the parties taking the appeal was filed with the justice, guaranteeing the payment of costs in case the same should be adjudged against them. This was all the statute required to be done to confer jurisdiction on the three supervisors selected to hear and determine the appeal in such manner as the law directs.

The bond which the statute requires to be filed guaranteeing the payment of costs, was found to have been made payable to the supervisor of the town of Na-an-say, when by law it should have been made payable to the supervisor of the town of Oswego, and it is insisted that because of such defect in the bond the supervisors failed to obtain jurisdiction to hear and determine the appeal. It appears from the stipulation made in the court below, and which is to be treated as a part of the record, a motion was made before the justice of the peace to dismiss the appeal for that reason, but the justice granted a cross-motion to amend the appeal bond in that particular, which was done by erasing the name of the supervisor of the town of Na-an-say and inserting the name of the supervisor of the town of Oswego. The motion to dismiss the appeal was then renewed, because of the "unwarrantable alteration of said bond in absence of some of said obligors." It is not perceived there was any error in overruling either motion. The statute does not require the persons taking appeals in such cases shall give security on the bond required to be filed. It only requires a "sufficient bond" to be given, and that may, no doubt, be determined by the officer taking it, which may be either the town clerk or the justice of the peace. In this case the bond of the parties appealing seems to have been considered sufficient without sureties. It is recited in the stipulation, made part of the record, the alteration in the bond was made in "the absence

of one or more of the obligors," and it appears the second motion to dismiss, as we have seen, was made on the ground such alteration was made in the "absence of some" of the obligors. These expressions would imply that *all* of the *obligors* were not absent when the appeal bond was amended. If any one was present consenting to such alteration, the bond would be valid as to him, and that would preserve his appeal.

There is another view that may be taken that leads to the same conclusion. The taking of the bond implies judicial determination, and carries with it power to permit amendments, as were made in this case. After the appeal bond was amended, all of the obligors availed of the appeal by trying the case on its merits, which was equivalent to a ratification of the bond. As the rights of no sureties were involved, it was competent for the principal to ratify his bond at any time, and by such action only his own interests would be affected.

It is said, also, the parties taking the appeal had no such interest in the proposed road as the statute requires them to have to enable them to appeal from the decision of the highway commissioners. This is a misapprehension of the record. It appears, by recitals at least, the parties appealing are freeholders, residing in the town of Oswego, and are persons interested in the decision concerning the road. The record also discloses that one of them released his damages that might arise from the construction of the road over his premises. These facts existing, the parties appealing could rightfully do so under the decision in *Whitmer* v. *Com'rs of Highways*, 96 Ill. 289.

Other questions have been discussed, but as they concern mere informalities not affecting the validity of the proceedings, it is not thought to be necessary to remark upon them. After obtaining jurisdiction, the supervisors selected to hear the appeal proceeded, conforming as near as practicable to the requirements of the statute, both as to laying out the road and causing the damages that would be occasioned by its

construction to be assessed in favor of the land owners with whom they could not agree touching such damages. No essential or material departure from what is required by law to be done in such cases is perceived, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*