THE PEOPLE *ex rel.* Seth E. Walker *et al.*

*v.*

COMMISSIONERS OF HIGHWAYS OF THE TOWN OF OSWEGO.

*Filed at Ottawa May 12, 1882—Rehearing denied September Term, 1882.*

1. APPEAL—HIGHWAYS—*on appeal from highway commissioners to three supervisors—how far and for what length of time the action of the latter is conclusive.*    On an appeal from any order of the commissioners of highways concerning a public road, where the three supervisors obtain jurisdiction, such jurisdiction is exclusive for the time being over the matters embraced in the appeal, and the power of the commissioners over the same subject matter is suspended for the period of one year, and they can not, within that period, make any orders except in furtherance of that of the supervisors.

2. But if the period of one year from the making of the order by the supervisors to establish a road and assess the damages shall have elapsed, without any steps being taken to open the road or pay damages, the commissioners of highways may, if in their judgment the damages are manifestly too high, and their payment an unreasonable burden on the tax-payers of the town, make an order revoking or vacating all the proceedings of the supervisors.    It seems the supervisors may do the same thing within the one year succeeding their action.

This is an original petition, filed in this court, for a writ of *mandamus*, to compel the commissioners of highways of the town of Oswego to levy a tax for the payment of the damages assessed for right of way, and proceed to open a road laid out by supervisors on appeal.    The facts appear in the opinion.

Mr. BENJ. F. HERRINGTON, for the relators.

Mr. CHARLES WHEATON, for the respondents.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This is an original proceeding in this court, to compel the commissioners of highways of the town of Oswego, by *mandamus*, to proceed, in conformity with the statute, to levy

and certify the requisite tax to pay damages assessed, and to do such other things as may be necessary and proper to open to the use of the public a road that had been laid out by three supervisors of the county, on appeal to them from the action of the commissioners of highways of that town, vacating all previous orders made by them concerning the laying out of the road, and causing the damages that would be sustained to be assessed. A full history of all that was done by the commissioners of highways, and the supervisors on appeal, in and about the laying out of the road, appears in the opinion of this court in *Town of Oswego* v. *Kellogg et al.* 99 Ill. 590. The petition herein states the facts substantially as the same are stated in the opinion of the court there delivered. It will only be necessary, in order to an understanding of the case, to state such facts as have occurred or transpired since the former decision of this court.

At the September term, 1881, on the application of relators, leave was given to file their petition herein, and the summons ordered to be issued was made returnable to the present term of this court. The answer of defendants admits most, if not all, of the facts stated in the petition concerning the laying out and establishing of the road in controversy, but alleges, as a reason why they should not be required to proceed now to levy and certify a tax to pay damages assessed to land owners on the line of the road, or to do other acts necessary to be done to open the road to the use of the public, that soon after the former decision of this court,—that is, on the 14th day of September, 1881,—respondents met, in their capacity as commissioners of highways of the town, and being of opinion the damages assessed on appeal to the supervisors were manifestly too high, and that the payment of the same would be an unreasonable burden on the tax-payers of the town of Oswego, they did, on that day, by a written order duly made, revoke all proceedings theretofore

had on the petition, for such road, either by them or the supervisors on appeal, which order was filed in the proper office, and respondents insist that by virtue of such written order all former proceedings concerning the road are made null and of no effect, and for that reason they should not be required to levy and certify the tax prayed for in the petition. Other matters are set forth in the answer why respondents should not be compelled to levy such tax or proceed further to open the road to the use of the public, but in the view taken of the law of the case it will not be necessary to remark upon them.

Section 87, of the act of 1879, in relation to roads and bridges, and which provision has been carried through all the revisions of the statutes concerning roads, certainly since 1872, but sometimes in sections differently numbered, provides that when the commissioners of highways shall be of opinion the damages assessed are manifestly too high, and that the payment of the same would be an unreasonable burden on the tax-payers of the town, they may revoke all proceedings had on the petition in regard to laying out a public road, by a written order to that effect. Such vacation, when made, shall have the effect to annul all such proceedings and assessments. The insistence by relators is, the commissioners of highways can not exercise such powers where the road has been laid out and established by supervisors on appeal, and the damages sustained caused to be assessed by them. The argument is, the action of the supervisors must be final, or otherwise there would be a ceaseless round of contradictory orders by the different sets of officers, concerning the laying out of a public road. It may be the action of the different boards may not always be harmonious under the several sections of the Road law, but the difficulty can not be holpen by judicial construction. The remedy, if any is needed, must be afforded by the legislative department. But a brief analysis of the several sections touching

this subject will show conflicting orders are not so likely to occur as might at first be anticipated, if all the provisions of the statute shall be observed. In section 99, of the same article cited, it is provided that on appeal the supervisors shall have the same power and authority that is by the act conferred on the commissioners of highways, not only in laying out, altering, widening or vacating any road, but shall have the same powers to cause a jury to be called to assess damages; and by section 100 their decision shall be final in regard to laying out, altering, widening or vacating such road, or in refusing to do the same for one year after such decision. It is obvious that after an appeal from the commissioners of highways from any order concerning a public road, and the supervisors have obtained jurisdiction, it is exclusive, for the time being, over the matters embraced in the appeal, and the powers of the commissioners in respect to the same matters must be suspended. This is according to the analogies of the law in all matters of appeal. It is not, therefore, in the power of the commissioners of highways to make any order in relation to such road, conflicting with the order of the supervisors, for the period of one year after the date of their decision, for it is expressly declared their decision shall be final during that period. Of course they may make necessary orders in furtherance of the order of the supervisors, but not otherwise. That would not be in respect to the matters involved in the appeal, nor could it have the effect to annul the action of supervisors during the period their decision shall be final.

It will be observed all powers conferred on the commissioners of highways by law, may be exercised by the supervisors on appeal. Should the damages caused to be assessed by the supervisors be deemed manifestly too high, and the payment an unreasonable burden on the tax-payers of the town, it is plain that within a year after the decision of the supervisors the commissioners have no rightful authority,

under section 87 cited, to revoke the proceedings had on the petition by the supervisors. It is for the obvious reason that by positive statute their decision, so far as the commissioners are concerned, is final during that period. Should they be allowed to do so, the effect would be to annul the action of the appellate board at a time, as has been seen, when it is not allowable. If the proceedings had by the supervisors on appeal in laying out a road and causing damages to be assessed can be revoked at all during the period the statute declares their decision shall be final, it would seem it could only be done by the supervisors making the orders laying out the road and causing the damages to be assessed. On appeal they possess all the powers the commissioners of highways have under the law, and all action by the latter board in conflict with the action of the supervisors is absolutely inhibited for the period of one year. But be this as it may, after the expiration of one year the decision of the supervisors is no longer final, and the commissioners of highways may, in their discretion, make any order in relation to such road that is authorized by law, even if such order is in opposition to the orders made by the supervisors on appeal, and has the effect to annul their decision. Adopting this as the true construction of the statute, the case in hand presents no difficulty, nor any conflict in the action of the different officers authorized by law to act. It was not until after the expiration of the period of one year from the decision of the supervisors that the commissioners of highways assumed by their written order to revoke the proceedings of the supervisors on appeal in respect to laying out the road, and causing the damages that would be sustained to be assessed, because the damages assessed under the authority of the supervisors were manifestly too high, and the payment of the same would be an unreasonable burden on the tax-payers of the town. The period in which the decision of the supervisors was final, had then elapsed, and there was then

no bar to the action of the commissioners of highways. They were as free then to act in the premises as though no appeal from their decision had ever been taken. The road had not been opened, nor had the damages assessed been paid. No obstacle stood in the way of the revocation of the proceedings laying out the road and assessing the damages sustained by land owners on the line of the road, and that was done by the commissioners of highways by a written order to that effect. That the commissioners of highways had jurisdiction to make such order, although the road was laid out by the supervisors on appeal, has been definitely determined by this court in *The People* v. *Commissioners*, 88 Ill. 141, where it is said: "It is manifest that under the 88th section of the act the commissioners had the undisputed power to revoke the order locating the road, and thus annul all proceedings had after the damages were agreed upon by the owner and the three supervisors hearing the appeal." Section 88 of the Road law cited in the opinion of the court, is the same as section 87 cited *supra*. As the order of the commissioners of highways revoking all proceedings on the petition had by the supervisors on appeal in laying out the road and in causing damages to be assessed, on account of the reasons set forth in their written order to that effect, was an order within their jurisdiction to make, and as it stands in full force, it is a sufficient reason why such commissioners should not now be compelled to open such road to the use of the public.

Whether the time consumed in previous litigation is to be estimated, is a matter of no consequence in this case. Had the commissioners of highways been compelled to act *within* a limited period, then it would become material whether the time consumed in litigation—and which would be a restraint on their action—should be estimated. But here the commissioners could not act, and did not assume to act, until *after* the time in which they were prohibited by law from act-

ing had expired, and it is certainly a matter of no consequence what transpired in the meantime.

No case is made on this record that would justify an order to compel the commissioners of highways to open the road in controversy to the use of the public, and the peremptory writ of *mandamus* prayed for will be denied.

*Mandamus denied.*

DICKEY and SCHOLFIELD, JJ.: We do not concur in this opinion.