City of Chicago *v.* Walker et al.

THE CITY OF CHICAGO, Plaintiff in Error, *v.* MARTIN O. WALKER, Defendant in Error.

THE SAME, Plaintiff in Error, *v.* JAMES B. WALLER, Defendant in Error.

THE SAME, Plaintiff in Error, *v.* J. BRENNER *et al.,* Defendants in Error.

ERROR TO THE SUPERIOR COURT OF CHICAGO.

The commissioners to make an assessment for a city improvement, having failed in their assessment roll to show what was the meaning of the column of figures headed "valuation," parol evidence is inadmissible to supply the deficiency.

Their return of the assessment roll, like the return of process, is amendable, and they should themselves have amended it, after having obtained leave from the common council so to do.

THESE were all special proceedings on the part of the City of Chicago, to collect assessments for improvements.   On the hearing, it appeared that the column of figures headed "valuation" contained no dollar mark or other indication to show what they meant, except in the case of Martin O. Walker, and in that case it was shown that the words, "dollars and cents," which appeared at the top of the column headed valuation, had been inserted by some one since the assessment was confirmed by the common council.

There was no proof that it was done by the commissioners, or that leave to amend had been obtained from the council.

Plaintiff offered parol evidence to prove that the figures in

the column referred to, were intended to represent dollars and cents, which was excluded by the court, and exception taken.

E. ANTHONY, for Plaintiff in Error.

W. B. SCATES, for M. O. Walker,

HOYNE, MILLER & LEWIS, for J. B. Waller,

SCAMMON, McCAGG & FULLER, for J. Brenner *et al.*,

Defendants in Error.

CATON, C. J. The only question which we propose to consider in this case is, whether it was competent to show by parol proof what was the amount of the valuation fixed by the commissioners in their return, under the column headed " valuation," containing only figures, without anything to show what those figures meant. We think the court properly rejected the parol evidence. In the case of *Brown* v. *City of Joliet,* 22 Ill. R. 123, we held that this return was like a return to process, and as such, was amendable. To that we are disposed to adhere, but it cannot justify the admission of parol evidence to take the place, and perform the office of an amended return. Suppose even the figures had been omitted in the column of valuation, it would be as competent to supply that omission as this. Suppose a sheriff, in his return to an execution, should omit to describe the property levied upon and sold, could it be contended, when it was subsequently called in question, that the sheriff could testify orally that the levy was on particular property, and thus help out the defective return ? This would of course be inadmissible, while by an equally familiar principle he would be allowed, by the tribunal to which the return was made, to amend his return, and thus obviate the defect which would be otherwise fatal. The evidence showed that the alteration which was made to the return, in the first case, and which would have obviated the objection, was not made by the commissioners, and was consequently not their amended return. Besides, it was not made with the leave of the common council, by whom the process was issued, and to whom the return was made.

The judgment must be affirmed.

*Judgment affirmed.*