# James Hoag

## *v.*

## Martin Switzer *et al.*

1. Constitution of 1848—*road damages.* Under the constitution of 1848, and the statutes in force in March, 1870, a party is not entitled to damages by reason of the construction of a highway adjoining and abutting against his lands where no part thereof has been taken for the use of the road.

2. Road damages—*power of commissioners.* At that date the commissioners of highways had no power to consider, assess or award consequential or remote damages to a party by reason of the construction of a highway where no part of his lands had been taken for that purpose. The road law of 1861, sections 55, 56 and 68, does not conflict with this view, but sustains it.

3. Division fences—*their removal.* The proprietors of adjoining lands are not under any legal obligation to perpetually maintain division fences with each other. It is a matter of convenience between the parties, which either party may, at his pleasure, terminate by giving the statutory notice. And when the same thing, and nothing more, is done, under the direction of the town officers, no damages can occur.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. BOTSFORD & BARRY, for the appellant.

Messrs. MAYBORNE & BROWN, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

In March, 1870, the commissioners of the town of St. Charles, upon petition presented, proceeded to, and did, lay out and establish a public highway, not on the lands of appellant, but adjoining thereto, the south line of his land constituting the north line of the road where the same passes his premises. The commissioners assessed the damages which the owners would sustain by reason of the construction of the road over their respective lands, but declined to assess any damages to the appellant, on the ground that no land belonging to him had been taken for the use of the road.

Notice having been served on the several parties through whose lands the road passes, to remove their fences and open the road to the use of the public, the appellant filed his bill for an injunction to restrain the town officers from causing the highway to be opened, and also to restrain the proprietors of the adjoining lands from removing their division fences built in connection with the fences on his premises.

The principal allegations in the bill upon which the appellant expects relief in a court of equity are, that the highway as now laid out abuts on the south line of his premises for a very considerable distance; that there is a division fence upon the line for the entire distance, one-half of which, only, he had hitherto been required to maintain, the other half having been maintained by the owners of the adjoining lands; that if the road shall be established he will be compelled to maintain and keep in repair the entire line of fence, and to rebuild or purchase of the adjoining proprietors one-half of the same, besides having the whole south line of his farm exposed to the

encroachments of stock and travel on the highway, and that he had never petitioned for, or consented to, the laying out of such road, nor received any damages, and that the commissioners had refused to consider whether he had sustained any damages.

Upon filing the answer of the appellees, supported by affidavits, the court dissolved the injunction which had previously been temporarily awarded, and dismissed the bill, and that decision is now assigned for error.

The only question arising on the record material to be considered is, whether the appellant is entitled to damages by reason of the construction of a highway adjoining and abutting against his lands where no part has been taken for the use of the road.

The proceedings in regard to laying out the road were had prior to the adoption of the present constitution, and are not affected by any construction that may be given to the 13th section of the 2d article, entitled "Bill of Rights." The question must be determined by the construction that shall be given to the statutes in force at the time the proceedings were had.

We have carefully examined the statutes in force at that date, and can find in them no provision for awarding consequential or remote damages to a party by reason of the construction of a highway where no part of his lands has been taken for that purpose. The question is not whether a person ought to be redressed where his premises may have been injured by reason of taking of the adjoining private property for public uses, but whether the legislature has provided any remedy other than the common law remedies of which such party may at any time avail.

It is insisted that the damages required to be assessed under the 56th section of the act of 1861, are not confined to damages to the owners of lands actually taken for the use of the road, but may extend to a party who may feel himself

aggrieved by the construction of a highway adjoining and abutting against his premises.

The true meaning of that section must be ascertained from the context. By reference to the 55th section of the road law, it will be seen that, "whenever the commissioners of highways shall determine to lay out any new road or alter any old one, they shall cause a survey to be made by a competent surveyor, who shall make report to them of such survey, accompanied with a plat particularly describing the route by metes and bounds, courses and distances, and also the land over which the road passes." It is in regard to lands over which the road *passes*, where the commissioners can not agree with the owners, that they are required, under the 56th section, to assess damages, and not to the owners of lands who may deem themselves aggrieved by the construction of a highway, whose lands are not actually taken for that purpose. There is no provision in regard to assessing damages to parties who may feel themselves injured, or who may have actually suffered consequential damages by reason of the public appropriating the adjoining private property to the uses of a public highway where no part of their land is taken, and in the absence of such a provision the commissioners are not authorized to assess. The duties and powers of commissioners of highways are defined by law, and they can exercise no other than such as are conferred by statute. Whether the law affords a party, who may be actually injured by the construction of a highway abutting against his lands, any remedy, it is not now necessary for us to express an opinion. Our investigation is, and must be, confined to the inquiry whether the commissioners of highways, under the statute, are authorized to award damages in such cases.

We do not think that the view suggested by the counsel for the appellant is at all aided by a reference to the 68th section of the act of 1861. That section only provides who may, and in what manner appeals may be taken from assessments made

under the preceding section, and it does not, and was not intended, to confer any new powers on the commissioners of highways.

It is conceded that no part of the land taken for the use of the road in controversy belonged to the appellant, and if he is damaged at all it would be by the wrongful removal of the division fences. The suggestion that the commissioners of highways may have acted with improper motives in making the location of the road, can not be considered in a proceeding of this kind.

We are unable to comprehend in what manner the appellant would be injured by the construction of the road. The proprietors of the adjoining lands were not, and are not, under any legal obligations to perpetually maintain division fences with the appellant. They could at any time, by complying with the provisions of the statute in that regard, remove their respective fences. It is a matter of convenience between the parties which either party may, at his pleasure, terminate, by giving the proper notice. Even under the notice given by the commissioners of highways to the owners of the inclosed lands through which the road passes to open it, they could not remove their division fences without having first given the appellant the statutory notice of their intention so to do. No one will doubt that it would have been lawful for the owners of the adjoining lands to have given the notice required by the statute, at the proper time, of their intention to remove their part of the division fences, and, of their own motion, to dedicate a highway abutting against the lands of the appellant to the use of the public. In such a case, it would hardly be insisted he would be entitled to damages. It is not perceived how he is any more injured because they do the same thing, and nothing more, under the directions of the town officers.

Under the construction that we have given to the statute, the appellant was not entitled to have the question of damages considered by the commissioners of highways at the time

they laid out the road, nor was it necessary that any assessment should be made of the damages he may have sustained before the road could be legally opened. They had no lawful authority, under the statute, to make any assessment in the premises, and rightfully declined to do so.

The views that we have expressed render it unnecessary to discuss the other points made in the argument.

The injunction was properly dissolved and the bill dismissed, and the decree is affirmed.

*Decree affirmed.*