## JOHN C. RUE et al.

*v.*

## THE CITY OF CHICAGO.

1. PUBLICATION OF NOTICE—*how shown.* On application for judgment against real estate for non-payment of special assessments, by a city, for public improvements, where the publisher's certificate of the publication of the commissioners' notice of the making of the assessment was fatally defective, the court admitted extrinsic evidence, on behalf of the city, that such notice was in fact duly given: *Held,* that, in a proceeding of this kind, the evidence was admissible.

2. CERTIORARI—*no extrinsic evidence allowed.* In a proceeding by the common law *certiorari,* the questions as to the jurisdiction or regularity of the proceedings of the inferior tribunal can only be tried by the record, and extrinsic evidence is inadmissible.

3. EVIDENCE—*hearsay.* On the hearing of an application for judgment on certain special assessments, the objectors offered to prove the naked declarations of the individual members of the board of public works, and of their clerk, in respect to the manner in which the assessment was made, which the court refused to allow: *Held,* that the proposed testimony was clearly hearsay, and not admissible.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. BARKER & WAITE, and Mr. WILLIAM HOPKINS, for the appellants.

Mr. M. F. TULEY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This is an appeal from the judgment of the Superior Court of Cook county, for a special assessment made for the filling, paving, etc., of Jefferson street, from West Van Buren to Randolph street, in the city of Chicago.

The case was before us at the September term, 1869, and then reversed for the insufficiency of the certificate of publication of the commissioners' notice of making the assessment, and sent back for a new trial. Such trial 'has been had, resulting in favor of the city, as before, and the property owners bring the record back by appeal.

The counsel for appellants concede that the record is identically the same as before, with the exception that upon the last trial the court admitted, against the objection of appellants, extrinsic evidence, on behalf of the city, that the notice in question was in fact duly given. The admission of that evidence is now relied upon as error.

It is undoubtedly the rule that, upon common law *certiorari*, the questions as to the jurisdiction or regularity of the proceedings of the inferior tribunal can only be tried by the record. *Chicago and Rock Island R. R. Co.* v. *Whipple*, 22 Ill. 108; *Commissioners, etc.* v. *Supervisors of Carthage, etc.* 27 Ill. 140. Both parties are confined to the record, and extrinsic evidence is inadmissible; but in trials under the charter of Chicago, on application for judgment against delinquent property, much greater latitude is given by the statute. *Pease* v. *City of Chicago*, 21 Ill. 500; *Foss* v. *Same*, 56 Ill. 354; *Creote* v. *Same*, ib. 422.

The publication of the notice in question, the requisite time, was indispensable to a valid assessment; but the charter is silent as to the mode of making or preserving proof of

17—66TH ILL.

it. The practice seems to have been to act under the general law, and procure and file the certificate of the publisher. We have held that if, upon these trials, the objector produced in evidence the entire record, and it failed to show anything in respect to the publication of a notice required, except a publisher's certificate, which was fatally defective, then the burden was upon the city to supply the defect by evidence of the fact; and failing in this, the intendment would be against the fact. This rule springs necessarily from the circumstances, the proceeding being one in derogation of common right, and is as liberal towards the corporation as the law will justify. Considering the scope of the defenses allowable to the objector, even-handed justice requires that the opposite party should have the right to sustain any part of the proceedings subject to attack, and it is no violation of any rule of law to permit oral proof of the fact of due publication, whenever the publisher's certificate is defective. *Moore* v. *Neil,* 39 Ill. 256.

We are of the opinion that there was no error in admitting the evidence of such fact in this case.

It is objected that the court erred in excluding evidence of the naked declarations of individual members of the board of public works, and of their clerk, in respect to the manner in which the assessment was made. No authority is cited. We are aware of no rule which would justify the admission of such evidence, and have no doubt that it falls directly within that which excludes hearsay evidence.

We have examined the testimony adduced for the purpose of showing irregularities in the mode of making the assessment, and are wholly unable to see wherein it establishes any such defense. It is incomplete, and fails to comprise all the requisite elements for a proper judgment upon the question. The report of the commissioners to the common council, and the order of that body upon it, are in compliance with the charter, and valid.

Finding no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*