## A. P. Brown

*v.*

## Samuel R. Robertson *et al.*

*Filed at Mt. Vernon January 20, 1888.*

1. **Certiorari** *at common law—extent of the remedy.* On *certiorari*, at common law, to vacate an order of commissioners of highways vacating and re-locating a part of a highway, the court can only consider upon the record jurisdictional questions. For errors not jurisdictional, ample remedy is presumably afforded by appeal.

2. Same—*amendment of proceedings brought in review—as, in case of a mistake in the order of highway commissioners in re-locating a road.* Under section 4, chapter 7. of the Revised Statutes, the return of commissioners of highways of their action in vacating and re-locating a highway, made in a proceeding by *certiorari* to review their action, may be amended by the circuit court as well before as after judgment. That court having the power to permit the amendment of the order of the commissioners, may ratify an amendment already made by such commissioners, this being an exercise of its power to permit such amendment.

3. Commissioners of highways, within the proper time, on the consideration of a petition to re-locate a public road, made out and filed in writing their decision and order, but by mistake misdescribed the road. A month thereafter, upon discovery of the mistake, they made out and filed another order correcting the former one, so as to make it conform to the facts. On *certiorari* to quash their proceedings, the amended order was set forth in their return, and the court dismissed the *certiorari: Held,* that the action of the circuit court in respect to the return, amounted to an adoption of the amendment made by the commissioners.

4. **Highways**—*survey of road—by whom to be made.* The statute does not require that the plat of a road laid out or re-located shall be made by the county surveyor. It only requires that it shall be made by a "competent surveyor."

5. Same—*agreement as to damages—need not be under seal.* The statute does not require that an agreement between the commissioners of highways and a land owner as to the amount of damages to be paid him on account of the laying of a highway on his land, shall be under seal. It only requires that it shall be in writing.

6. Same—*compensation for land taken, and benefits as to land not taken.* The statute relating to the laying out of highways only requires that the damages to the lands over which the road is to pass shall be ascertained by agreement or condemnation. For land damaged, but not taken, the owner may be compensated by benefits.

7. While the public can acquire no right to take the land of an individual for a highway who has not consented thereto, until he is compensated therefor, the question of damages to land not taken may be adjusted afterward. It is not jurisdictional.

8. SAME—*right of appeal, and extent thereof.* The statute authorizing the commissioners of highways to agree with land owners as to their damages for the laying out, etc., of a public highway, confers upon no one the right to review their action, by appeal or otherwise. No appeal lies in such case, and if taken, may be disregarded.

9. The right is given to persons interested, to appeal from the decision of the commissioners of highways, in determining to or in refusing to lay out, alter, widen or vacate any road, or revoking any previous order to lay out, alter, widen or vacate any road, or from the verdict of a jury assessing damages. This is the extent and limit of the right.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. CASEY & DWIGHT, for the appellant.

Messrs. W. & E. L. STOKER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The record sought to be quashed upon this *certiorari* is that of the commissioners of highways of the town of Centralia, in Marion county, vacating and re-locating a portion of a certain highway therein described.

We are only at liberty to consider, upon this record, jurisdictional questions. For errors not of a jurisdictional character, ample remedy is presumably afforded by appeal. *Hyslop et al.* v. *Finch,* 99 Ill. 171.

The commissioners of highways considered the questions presented to them by the petition, and made their decision thereon, on the 17th of July, 1885, and on that or the next day they reduced to writing, and signed and filed with the town clerk, what they intended to be the record of their decision, but subsequently discovering that they had made a mistake in describing the part of the road intended to be vacated and that intended to be re-located, they thereupon again re-

duced to writing what they intended to be the record of their decision, correcting therein the mistakes in the former writing, signed it, and filed it with the town clerk on the 17th of August, 1885, and a copy of this was produced, on the hearing, as a part of the answer or return to the *certiorari*. The first and most important question to be considered is, had the commissioners of highways the power to thus correct the mistakes in their order. That they could not, after rendering their decision, change it and render a different decision, may be conceded. But having made a mistake in describing what they had decided, was it competent, one month afterwards, to correct that mistake in conformity with the facts? It is provided by section 4 of the Statute of Amendments and Jeofails, (Rev. Stat. 1874, chap. 7,) "that all returns by any sheriff or other officer, or by any court or subordinate tribunal, to any court, may be amended in matter of form, according to the truth of the matter, by the court to which such returns shall be made, in its discretion, as well before as after judgment."

In *Brown* v. *City of Joliet*, 22 Ill. 123, it was held that the return of commissioners appointed to make an assessment, was amendable, under the section quoted, in a proceeding for judgment for a special assessment, and this was repeated in *Einstein* v. *City of Joliet*, 22 Ill. 126, and subsequently referred to, with approval, in *City of Chicago* v. *Walker et al.* 24 Ill. 493.

It is plain that if the power existed in the court to permit the amendment on the hearing of the case, there can be no error in having permitted the amended record to be considered as an answer or return to the writ, for the court, by ratifying and approving an amendment already made, is but exercising the power to permit amendments, and in no sense transcends it. The case is not one of an amendment from the personal recollection, only, of the commissioners, but one of an amendment by facts sufficiently appearing of record, in the petition, in the report of the survey, and in the previous inaccurate record of the commissioners.

Among those signing the petition are Lewis Kalbrenner and John Woods. It is recited in the petition, that "the names of the owners of land over which said road is to pass, is John McClelland, and the land owners adjoining the road to be vacated, are Lewis Kalbrenner, John Woods and John McClelland." It is shown in the record, that McClelland and the commissioners agreed upon the amount of damages he sustained by reason of the vacating and re-locating of the road upon his land, and this agreement was reduced to writing, and filed in the office of the town clerk. Counsel for appellant urge the objection that this is not conclusive upon McClelland, because not under seal. But the statute does not require that it shall be under seal,—it only requires that it shall be in writing. 2 Starr & Curtis, chap. 121, sec. 40, p. 2148.

Counsel for appellant also urge the objection that it does not appear that damages have been assessed to Kalbrenner and Wood, or that they have relinquished their claim thereto. The answer to this is, none of their land is taken by the vacation and re-location of the road, and it does not appear that they sustain any damages thereby. The statute only requires that the damages to the lands over which the road shall pass shall be ascertained. (2 Starr & Curtis, chap. 121, sec. 39, supra.) For land damaged, but not taken, the owner may be compensated by benefits. (Hyslop v. Finch, supra.) While the public can acquire no right to take the land of an individual for a highway, who has not consented thereto, until he is compensated therefor, the question of damages to land not taken may be adjusted afterwards. It is not jurisdictional. (Stetson v. Chicago and Evanston Railroad Co. 75 Ill. 74. See, also, Chicago and Eastern Illinois Railroad Co. v. Loeb, 118 Ill. 203.) If we were to indulge in any presumption here, it would be that the lands of Kalbrenner and Wood are not damaged. They pray for that to be done which was done, and the maxim that "that to which a person assents is not esteemed in law an injury," would seem to be applicable.

Another objection urged by counsel for appellant is, that the surveyor's plat filed is not that of the county surveyor. The statute, however, only requires that it shall be that of a "competent surveyor." (2 Starr & Curtis, chap. 121, secs. 36, 37, *supra.*) And we have held that this does not render it indispensable that the plat shall be by the county surveyor. *Lee et al.* v. *Town of Mound Station,* 118 Ill. 304; *Gebhardt* v. *Reeves,* 75 id. 305.

Wilson Gragg petitioned a justice of the peace to grant an appeal from the decision of the commissioners in allowing damages to John McClelland. It is insisted that this suspended all previous action of the commissioners, and inasmuch as the supervisors whom the justice summoned to hear the appeal did not make and file with the town clerk a report of their decision in the case, nothing further can be done under the order of the commissioners of highways. In our opinion there was no right to appeal from this action of the commissioners. The statute authorizes the commissioners and land owner to make such an agreement, and it confers upon no one the right to review their action in this respect, by appeal or otherwise. (2 Starr & Curtis, chap. 121, sec. 40, *supra.*) The right is given to persons interested, to appeal from the decision of the commissioners in determining to or in refusing to lay out, alter, widen or vacate any road, or revoking any previous order to lay out, alter, widen or vacate any road, or from the verdict of a jury assessing damages in these respects; but this is the extent and limit of the right. (2 Starr & Curtis, chap. 121, sec. 59, *supra.*) The appeal being without authority of law, the supervisors were under no obligation to pay attention to it, and it suspended no order of the commissioners.

The other questions presented are not of a jurisdictional character.

The judgment is affirmed.

*Judgment affirmed.*