WILLIAM FESSER

v.

PHILIP ACHENBACH ET AL.

*Roads—Vacation of—Dedication—Jurisdiction—Injunctions.*

1.  The owner of land can not complain of an order merely vacating a road established thereon by dedication, on the ground that the commissioners of highways making the order did not first obtain from him a release of his supposed damages or have them assessed by a jury.

2.  The ascertainment and allowance of damages, if not agreed upon and released, is jurisdictional only where the order involves the actual taking of land.

[Opinion filed January 21, 1888.]

APPEAL from the Circuit Court of Christian County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. H. M. VANDEVEER and JOHN G. DRENNAN, for appellant.

Mr. JAMES M. TAYLOR, for appellees.

PLEASANTS, J.   The bill herein, filed by appellant, sets forth that complainant for twenty years has owned and resided on the N. ½ and N. W. ¼ of the S. E. ¼ of Sec. 21, T. 13, R. 3, W. of the 3d P. M.; that Philip Achenbach owns the S. W. ¼ of the S. E. ¼ of said section, and Jacob Lienhart the E. ½ of the S. E. ¼ thereof; that complainant's dwelling house and appurtenant improvements are on the N. W. ¼ of said S. E. ¼, near the northwest corner thereof; that for more than fifteen years a public road, established by dedication, forty feet in width, has been located from the south line of said section north on the line between the east and west halves of the southwest quarter, thence east on the line between the north and south halves of said section to the line between sections 21 and 22, and thence north on said last mentioned line to the north line

of said sections; that said road connects at its southern terminus with an east and west public road leading to the county seat; that the commissioners of highways of said town, by a pretended order of September 10, 1886, attempted to vacate so much of said road as lies between the south line of said section 21 and the line between the two sections mentioned, running by complainant's dwelling house; that in pursuance of such pretended order said Achenbach and Lienhart were proceeding to close up that part of said road—the south quarter of a mile (between their respective lands) completely, and one-half of the remainder (lying between the land of complainant and that of said Lienhart), thereby cutting off complainant's outlet on the south and destroying the utility of the part not embraced in said order; that complainant was never made a party to this proceeding, nor were the damages to him by such attempted vacation ever released or assessed; that he would be damaged by such vacation more than $500, and suffer irreparable injury; and that there was not time enough to obtain a *certiorari* before the road would be closed. Achenbach, Lienhart and the commissioners of highways are made parties defendant, and the prayer is for an injunction. A general demurrer was interposed by the defendants, which the Circuit Court sustained, and thereupon entered a final decree dismissing the bill.

It appears from the bill that for five years, more or less, complainant resided on these same premises without the advantages, whatever they may be, of the road in question; and that notwithstanding the order of vacation complained of, if it shall be executed, he will still have twenty feet in width of the old road from his residence east to that part which is not embraced in the order, and as much more on his own land as he may see fit to use for a road. To what extent that part of the old road would afford him communication with the county seat and other points he may desire to reach, does not appear; but the bill is to be taken most strongly against him, and for aught it avers he may thereby have as convenient access to them as by the south outlet of the old road.

But if he has not, the question is whether he can complain of an order merely "vacating" a road established on his land,

by dedication only, on the ground that the commissioners of highways making the order did not first obtain from him a release of his supposed damages or have them assessed by a jury; in other words, whether such release or assessment is, in such case, jurisdictional.

This involves a construction of several sections of the "Act in regard to roads and bridges in counties under township organization," approved June 23, 1883. (Laws of 1883, p. 136, and Starr & C. Ill. Stat., p. 2146, *et seq.*

Appellant concedes that from Sec. 35 it would seem that a public highway might be lawfully "vacated" without compensation to the owner of the land over which it passed, but insists that, considered in connection with sections 39, 40, 41, 46 and 47, it does not really so indicate.

And it is true that in these sections the establishment, alteration, widening and vacation of roads are put in the same category, and the proceedings therein prescribed, which include the ascertainment of damages to land owners, are made alike applicable to each; but we think it appears, as well from these as from other provisions, that wherever damages are to be ascertained as a prerequisite to the validity of the order, in cases of "vacation," the Legislature intended only such vacation as is involved in or connected with the exercise of the power to "take" land for road purposes—as in "re-locating" or "altering" a road by vacating a portion of it and taking new land in its place, or in vacating the whole and substituting a new road (which may be included in the same petition, Anderson v. Wood, 80 Ill. 15), and that the damages to be so ascertained in such cases are those only which are caused by the "taking" of the new land.

Thus by Sec. 39 it is provided that the commissioners "shall also, before they order any road to be established, altered, widened, *or vacated,* ascertain, as hereinafter provided, the aggregate amount of damages which the owner or owners of land over which the road *is to pass* shall be entitled to, by reason of the location, alteration, *or vacation* of such road." The statute then proceeds to provide—evidently in reference to such damages and such land owners only—by

Sec. 40, that the damages may be agreed upon by the commissioners and such land owners, or released by such own· ers; by Sec. 41, for their ascertainment by a jury, if not so agreed upon or released, on summons to the land owners; by Sec. 42, for service of such summons on resident land owners who are infants or have a conservator; by Sec. 43, on non-resident and unknown owners, by service on the occupant, and posting notices stating the time and place fixed for hearing, as in the summons, "and describing the road *to be established or altered and· the lands for which damages are to be assessed;*" by Sec. 46, that the jury may visit and examine the proposel location, alteration, widening *or vacation*, and the *lands to be taken and affected thereby*, and make a written verdict specifying the amount of damages, if any, which every such owner shall recover, provided that, *except for property actually taken, they may consider the benefits conferred*, which proviso is not inconsistent with the constitutional provision against taking or damaging private property for public use without just compensation. C. & P. R. R. Co. v. Francis, 70 Ill. 238, and Eberhart v. C., M. & St. P. R. R. Co., 70 Ill. 347.

By reference to preceding sections it appears that if the petition, whether for location, alteration, widening or vacation, is refused, or if it is *simply for vacation, and the prayer is granted*, the commissioners are to file a copy of their order, together with the petition, with the town clerk, and that concludes the proceeding. Secs: 34 and 35. But if it is for an order that involves the actual taking of land, and is granted, then the commissioners are to cause a survey to be made and the damages to be assessed.

From these provisions it appears that the ascertainment and allowance of damages, if not agreed upon and released, is jurisdictional only where the order involves the actual taking of land.

And so we understand the Supreme Court to have expressly held in Brown v. Robertson, 123 Ill. 631, and we have referred to the other sections of the statute only because that court referred to Sec. 39 alone.

The same conclusion is reached on principle. Complainant had no legal interest in the highway as such, except as one of the public, and that was not a vested right to its continued maintenance against the will of the public. Those authorized to act for them having surrendered their right, whatever inconvenience or loss of value he may suffer by reason of it is *damnum absque injuria.* Their proceeding was not a taking or damaging of private property for public use, but the reverse.

*Decree affirmed.*