## INEZ L. PARKER

### v.

## THE CATHOLIC BISHOP OF CHICAGO AND THE CITY OF CHICAGO.

*Municipal Corporations—Ordinance—Vacation of Alley—Eminent Do-
main.*

1. It is only where property is actually taken for public purposes, that
before taking or entering upon it, the value thereof must be ascertained
and paid to the owner. Where there is merely a disturbance, interference
with or deprivation of a right appertaining to property, the public
authorities are not bound before interfering with such right, to ascertain
its value, and to make compensation.

2. This court affirms, in view of the evidence, a decree dismissing a bill
filed, praying, among other things, that an ordinance vacating an alley be
declared null and void, and holds that the same was valid, and that the
complainant's remedy was at law to recover damages, to which she is en-
titled, if any arising from such vacation.

[Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding.

, Inez L. Parker filed her bill in the court below, setting forth that in June, 1852, Ralph and Franklin Little, as executors of Noah Bulkley, were the owners of block 56 in the original subdivision of section 7, township 39 north, range 14 east, in the city of Chicago, and on the 13th of June acknowledged a subdivision of said block, which was filed in the recorder's office on the 15th day of June, 1852; that said subdivision was into lots, among which were certain lots known as 18, 19 and 20, which each had a south front of sixty feet on Washington street by 260.5 feet deep to an eighteen foot alley; that the easterly line of said lot 20 abutted upon a street sixty-six feet wide, now known as Oakley avenue; that said lots 18, 19 and 20 became the property of John F. Starr, who, on November 14, 1858, acknowledged a subdivision of said lots 18, 19 and 20 into fourteen sublots; that the said Starr in making his subdivision laid out an alley, running from east to west through said property, and also a branch running through said mentioned alley northerly to the eighteen foot alley aforementioned, on the northern end of said lots 18, 19 and 20; that the said Starr sold all the lots abutting upon said east and west alley and fronting on Washington street, and that the title to lot 8 and the west three and sixteen one-hundredths feet of lot 9, of Starr's subdivision, has passed to and is vested in the complainant; that the Catholic Bishop of Chicago, a corporation sole, is the owner of or interested in lots 5, 11, 12, 13, 14, and the east twenty-one and eight-tenths feet of lot 10 of Starr's subdivision, through conveyances under said John F. Starr, and not otherwise, and that the said Catholic Bishop, as well as complainant, is bound by all the terms and conditions and easements which grew out of the acknowledgment and recording of the plat of said Starr's subdivision and the alleys therein laid down; that from the published official proceedings of the city council of the city of Chicago, it appears that on the 7th day of July, 1890, said council attempted to pass an ordinance, under which so much

of said east and west alley in said Starr's subdivision, as lies east of the east line of said north and south branch of said alley was attempted to be vacated, but upon the condition that said ordinance should not take effect until the owners should acknowledge and file for record a plat, which should dedicate an alley six feet in width, from the north thirty-six and five-tenths feet of said lot 5 in said Starr's subdivision; that sixty-four aldermen voted for said pretended ordinance, and that there were no votes recorded in the negative, but complainant charges that the said ordinance was never considered by a committee or by the council, and was passed in a batch of ten or more ordinances, and that only one roll-call was ordered and had for all of said ten ordinances, and that the council did not deliberate on it and did not consider it, and the aldermen did not know what they were doing when they gave their votes therefor. Complainant therefore charges that the ordinance is absolutely void and of no force and effect, and further, that said pretended ordinance did not provide for compensation to be made to complainant for damages to her property.

The complainant further charges that she had a valuable property right and interest in said alley and the east portion thereof, and that it was not within the power of said council to pass any ordinance which should deprive her of said property right unless it should at the same time provide that compensation should be made to her for the damage so done to her property.

The bill further sets forth that the right to pass in and out through said alley opening into Oakley avenue is a valid and valuable property right in connection with the ownership of complainant's said premises, and that to disturb said right would be a great damage, and that the said right constitutes an easement in favor of her said premises.

The bill further shows that said Catholic Bishop caused a pretended plat or resubdivision of said premises to be acknowledged on July 7, 1890, and filed for record in the recorder's office on August 1, 1890, which pretended plat shows said eastern portion of said alley closed up, and shows the west six

feet of the north thirty-six and five-tenths feet of said lot 3, as thrown into the alley, but the bill charges that the said making of said six feet into an alley is of no benefit to the complainant or to her said premises, and could not compensate her for the loss of the use of said alley opening into Oakley avenue; that the said Catholic Bishop has entered upon said alley, so attempted to be vacated, and has moved a barn thereon, and threatens to build on the whole east portion of said lot, and will do so unless restrained by injunction.

The bill prays that the ordinance may be declared null and void; that the pretended plat of said Catholic Bishop may be set aside and canceled as a cloud upon the title of complainant, and that he may be required to move said barn and be enjoined from closing said alley or interfering with the rights of the complainant to pass in and out through the same.

The defendants appeared and upon general demurrer of each of them the demurrers were sustained and the bill dismissed, from which decree dismissing her bill this appeal is taken.

The following plat of Starr's subdivision was annexed to the bill as an exhibit:

WASHINGTON STREET.

Messrs. KERR & BARR, for appellant.

1. The bishop was estopped from closing the alley. Earl v. City, 23 Legal News, 199, and cases cited.

2. The city council had no power to relieve him from the obligations growing out of this estoppel. Zearing v. Raber, 74 Ill. 409; Savings & Loan Ass'n v. Topeka, 20 Wall. 655.

An easement is property. 1 Wash., Real Prop., 22, 542; 2 Wash., Real Prop., 22, 275; Dillon's Municip. Corp., Sec. 587 b.

3. The Legislature can not divest vested rights. The City of Jacksonville v. The Jacksonville Ry. Co., 67 Ill. 540.

4. To set aside this right growing out of contract by legislative act would be contrary to the Constitution of the United States. Dartmouth College Case, 4 Wheat. 518, page 628.

5. The Legislature did not intend that the city council in closing alleys should injure private persons. Helm v. Webster, 85 Ill. 116; St. John v. Quitzow, 72 Ill. 334; Gebhardt v. Reeves, 75 Ill. 301.

6. The bill shows appellant will suffer special damage by the closing of the alley. City of Chicago v. Union Bldg. Ass'n, 102 Ill. 379.

7. The Legislature has provided a mode for the vacation of plats. Chap. 109, Secs. 6, 7, R. S.

All owners must concur and the statute must be followed. Leech v. Waugh, 24 Ill. 228.

Messrs. SMITH & HARLAN, and JONAS HUTCHINSON, for appellees.

The city of Chicago has power to vacate streets and alleys. Such power is expressly given to it and all other cites organized under the general law. Chap. 24, Art. V, Sec. 1, clause 7, R. S.

That power has been frequently recognized in this and other States. City of Chicago v. Union Building Association, 102 Ill. 379; The St. Louis, A. & T. H. R. R. Co. v. City of Belleville, 122 Ill. 376; Gebhardt v. Reeves, 75 Ill. 301.

There has been, to be sure, considerable difference of opinion and controversy as to the effect of an ordinance vacating a street or alley or a part thereof. It was held in

Gebhardt v. Reeves, *supra*, that a plat executed, certified, acknowledged and recorded in substantial conformity with the provisions of the law of 1845 in regard to platting, vested in the city, in trust for public use, the fee of all streets and alleys shown thereon; that upon the vacation of any such street or alley the fee would revert to the original proprietor, who dedicated them, and not to the abutting owners; and that neither the Legislature nor the municipal authorities could divest the owner of it.   Accordingly the act of 1851, in so far as it authorized the municipality to convey by quit-claim such vacated streets or alleys to adjoining owners, was held unconstitutional.

So also the provision in the law of 1865, now the second section of chapter 145 of the Revised Statutes, to the effect that upon such a vacation of a street or alley or portion thereof, the lines of the lots on either side shall extend to the central line of such street or alley or part thereof so vacated, has been held unconstitutional as applied to streets and alleys conveyed to the municipality prior to the passage of that act. Helm v. Webster, 85 Ill. 116.

But while the doctrine announced in Gebhardt v. Reeves and Helm v. Webster has been adhered to, the Supreme Court of Illinois has shown a disposition to require original proprietors and those under them asserting title to vacated streets and alleys as against abutting lot owners, to show that the original plat had been made, certified, acknowledged and recorded, so as to amount, under the statute, to a conveyance to the municipality of the fee of streets and alleys shown on said plat, and that such conveyance to the municipality was accepted by the municipality for the public.   Thomas v. Eckard, 88 Ill. 593; Zinc Co. v. City of La Salle, 117 Ill. 420; Lee et al. v. Town of Mound Station, 118 Ill. 304; Hamilton v. C., B. & Q. R. R. Co. et al., 124 Ill. 235.

WATERMAN, J.   It must be conceded, as is contended by appellant, that the city of Chicago had no power, by vacation of alleys or otherwise, to transfer to the Bishop of Chicago, or any other person, any property interest of hers or any right appertaining to said property.   And it must also be conceded

that if the city of Chicago should attempt by proceedings under the law of eminent domain to condemn any property for the purpose of transferring it to the Bishop of Chicago, that such proceedings would not be the taking of private property for a public use, and could not be maintained.

Appellant contends that the alley can not be vacated, and her easement therein destroyed, for the purpose of transferring the vacated alley to the Bishop of Chicago, because to do so would be a taking of private property not for a public use. We entirely agree with appellant in this.

The fact that the Bishop of Chicago is the owner of or interested in certain lots in said Starr's subdivision, in no way or wise affects the right of appellant in this case, adds to or takes from the validity of the council proceedings vacating said alley, or makes valid or invalid anything charged in the bill which has been done in the premises. As is shown by the bill it does not appear that the common council of the city of Chicago have attempted to transfer anything to the Bishop of Chicago, or vacated the alley for the purpose of giving anything to him or anybody else. What the council did was, upon certain conditions, to declare the alley vacated. The premises of appellant do not impinge upon that portion of the alley vacated.

It is, to be sure, the case that either John F. Starr, who made said subdivision, or the owners of the lots infringing on that portion of the alley vacated, do, by such vacation, become entitled to the alley so vacated, and may use and occupy the same. Whether John F. Starr, or the Catholic Bishop of Chicago, by reason of such vacation, becomes entitled to use and occupy the vacated alley, can not be told from the allegations in this bill, because the facts relative to the subdivision by said Starr are not sufficiently stated, and it is immaterial in this case to whom such vacated alley will go. Appellant, if injured, is injured not because the vacated alley goes to the Bishop of Chicago or John F. Starr, but because her right to pass over the same is taken away.

The demurrers to the bill admit the vacation, and that appellant by such vacation of said alley has been damaged, but it does not follow from this that the city had no right

to make such vacation without first having ascertained and paid to her the amount of said damage. No portion of her property was taken by such vacation, but only a right appurtenant to her property was destroyed. If there has been a direct physical disturbance or deprivation of any right which appellant had in connection with the property, and which gave to it an additional value, and she by reason of such disturbance or deprivation has sustained a special damage with respect to her property in excess of that sustained by the public generally, there can be no question of her right to recover damages from the city; but it is only where property is actually taken for public purposes, that before taking or entering upon it the value thereof must be ascertained and paid to the owner.

Where there is merely a disturbance, interference with, or deprivation of a right appertaining to property, the public authorities are not bound, before interfering with such right, to ascertain its value and to make compensation. The existence of such rights and that any damage is done by interference therewith is frequently a disputed question, and if the public authorities were in all instances before they proceeded to any public improvement obliged to ascertain and make compensation for such rights, they could proceed to but few public improvements without first making all the world parties defendant to a suit for the ascertainment of all damages that might in any way be caused by such improvements. Peoria & R. I. R. R. Co. v. Schertz, 84 Ill. 135; Stetson v. C. & E. R. R. Co., 75 Ill. 74; Hoag v. Sweitzer, 61 Ill. 294; Patterson v. C. D. & V. R. R. Co., 75 Ill. 588; Culberton & Blair P. & P. Co. v. City of Chicago, 111 Ill. 651.

Nor is this a case of diversion to another use of property dedicated for a special purpose. The city has simply abandoned the public easement or right of passage in this alley, leaving it to the law to determine in whom the fee of such alley and the right to use the same by such vacation reverts, and leaving to property owners who claim to have been by such vacation specially damaged, their right of action against it. While the manner in which this ordinance was treated

and passed by the city council may be censurable, yet such irregular or unwise proceeding does not make the ordinance void.

The decree of the court below dismissing the bill is affirmed.

*Decree affirmed.*