**The People of the State of Illinois ex rel. Illinois Zinc Company et al., Appellants, v. William G. Lynch et al., Appellees.**

**Gen. No. 8,109.**

Opinion filed February 5, 1930.

HETH, LISTER & COLLINS and OSCAR W. HOBERG, for appellants.

DUNCAN & O'CONOR and JOHN M. ZANE, for appellees.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

On December 10, 1928, appellants filed a petition in the circuit court of LaSalle county, setting forth that four of them were owners of lands in Vermilion township and that the fifth, Edith A. Woolcox, was a life tenant of seven acres of land in Eden township, abutting upon a public road called "Bailey Falls road" in said county; that appellees, Walter Clark and William G. Lynch, commissioners of highways of said respective townships, sought to vacate said Bailey Falls road and to lay out a new road in lieu thereof; that the Bailey Falls road lies partly in Eden and partly in Vermilion townships, as does also the proposed new road; that in all there were three attempts before said commissioners to effect said purpose; that each attempt was pursuant to two separate petitions, one to vacate the Bailey Falls road and the other to establish the new road; that a common-law writ of certiorari had been issued out of said circuit court in cause no. 31,454, for the review of the first proceedings; that a petition had also been filed in said court, in cause no. 31,518, to review said second proceedings; that the present proceedings to vacate said road, etc., were instituted before any action was had in said cause no. 31,518; that the petition to review the second proceedings was dismissed by appellants before the petition here involved was filed; that the lands of appellant Woolcox abutted or adjoined said Bailey Falls road; that the lands of the other appellants were in close proximity to said road and so situated that its vacation would injuriously affect them; that said commis-

sioners, in both the second and the third proceedings, assumed to grant the prayers of the petitions, and ordered the vacation of the Bailey Falls road and the laying out of the proposed new road, without any proceedings for the determination of the damages to appellants, said commissioners ''having determined that no damages would be sustained by the proposed change.''

To the present petition for a writ of certiorari, appellees entered a motion to dismiss, and to have an answer filed by them considered in connection therewith. Said answer sets forth in substance that the second proceeding is separate and distinct from the third proceeding, and that the present petition only involves the third proceeding. On the hearing, the court confined its consideration to the third proceeding, and dismissed said petition, at the costs of the relators. To reverse said judgment, this appeal is prosecuted.

Appellants insist that they had the right to have considered the record in the second proceedings, and cite in support thereof *Southworth v. Board of Education*, 238 Ill. 190. In that case, the board of education had three times located or attempted to locate a schoolhouse site on property of one Elvira A. Southworth in the City of Rochelle. Two condemnation suits had been begun, neither of which had been tried. At page 193 the court says:

''By each of the three proceedings here attacked, the board sought to locate a site for the same schoolhouse, and in each it attempted to take a part or the whole of the ground that it attempted to take in each of the others. We think it was proper to review the entire record pertaining to the matter in the same proceeding. If in one proceeding the board had attempted to take a piece of real estate, no part of which was a part of that which it attempted to take in another, or if it had sought by one proceeding to locate a site for

one schoolhouse upon one parcel, and had by a different proceeding sought to locate a site for another schoolhouse upon another parcel, a different question would be presented. . . . We think the record in each instance shows, not in apt words but in language that cannot be misunderstood, that the board of education located the schoolhouse site on the property of appellant.''

Without further quoting from said cause, it clearly appears that the question there involved was quite different from the one involved here. In that case, the appellant's property was clouded by three records, made by the board of education, all of which she was insisting were invalid on the face thereof. To have held differently would have meant that, in order to clear her property, three proceedings must have been prosecuted. No such situation is involved here, and the court did not err in confining its consideration to the third proceeding.

It is next insisted that the court erred in placing on appellants the burden of showing a lack of jurisdiction on the part of the commissioners to vacate the one road and to lay out the other. Counsel for appellants contend that, upon the filing of a petition averring facts which, if true, show a lack of jurisdiction, it thereupon becomes the duty of the court to grant the writ; and, upon the return of the writ, the hearing must then be had on the record.

The answer filed by appellees in connection with their motion to dismiss sets forth in substance the record of the third proceedings. This is so conceded by appellants in their brief and argument. If, therefore, that record disclosed that said commissioners had jurisdiction and had not exceeded such jurisdiction, and had not otherwise proceeded illegally, the court did not err in denying said petition. *Rue v. City of Chicago*, 66 Ill. 256–257; *Hyslop v. Finch*, 99 Ill. 171–

184; *Commissioners of Drainage Dist. v. Griffin,* 134
Ill. 330–340; *Troxell v. Dick,* 216 Ill. 98–100; *McDonald
v. Road District,* 292 Ill. 386–391. The question, there-
fore, on whom the burden of proof rested, became un-
important as, the transcript of the record being before
the court, both parties were bound thereby so far as
the matter of jurisdiction was concerned. *Rue v. City
of Chicago, supra,* 257.

While appellants in their brief and argument con-
cede that the regularity and sufficiency of said pro-
ceedings must be determined alone from the record, on
the hearing they offered testimony tending to the effect
that certain of the notices required to be posted were
not signed by the commissioners. Certain of the cases
cited by counsel for appellants disclose that evidence
of this character is not admissible. While this evi-
dence was not properly admissible, even conceding that
it was, evidence was offered on the part of appellees
which clearly disclosed that, at the time said notices
were posted, they were properly signed.

Appellants apparently take the position that it was
not proper for appellees to bring before the court a
transcript of the third attempt or proceedings, to be
considered in determining whether or not the writ
should issue. In *Sampson v. Commissioners of High-
ways,* 115 Ill. App. 443, this court had before it a peti-
tion for a writ of certiorari in a road proceeding, as a
part of which petition a copy of the record sought to
be reviewed was incorporated. The court, in determin-
ing the question as to whether the writ should issue,
considered the transcript of the record attached to the
petition and, in effect, held it to be a proper practice
that the record should be so examined in determining
whether the writ should issue. It would therefore seem
to follow that, if the petitioners failed to exhibit said
record, it was proper for appellees to do so, in order
that the court might be fully advised in reference there-
to in determining whether the writ should issue,

It is next insisted that the record of the third proceedings fails to show that any damages were awarded to appellants, or that that question was considered by said commissioners. The record discloses that said commissioners found and determined that the relators were not, nor were any of the parties interested in said proceedings, in any way damaged by reason of the vacating of said Bailey Falls road or the laying out of the new road. In their brief and argument, appellants concede that said commissioners "found and determined that no damages would be sustained by the proposed change."

Said transcript discloses that said road is used but little, and at various times of the year is practically impassable, while the proposed new road is to be in every way an efficient one, with a bridge across the Vermilion River and a viaduct over the Chicago, Burlington and Quincy Railroad, to be constructed at a cost of $50,000 by the Marquette Cement Company as a part of the inducement tendered by it.

Section 79, Cahill's St. ch. 121, ¶ 87, provides among other things:

"Whenever the commissioners of highways of any town or road district . . . have entered a preliminary order as aforesaid for the establishment, vacation, widening or alteration of a road, and a survey therefor has been completed as hereinbefore provided, proceedings shall next be taken to fix the damages which will be sustained by the adjoining land owners by reason of such alteration, vacation, widening or laying out."

The Marquette Cement Company owns the land over which the proposed new road is to be constructed, and has donated the right of way therefor, and is making no claim for damages. Under the provisions of the above-quoted statute, the damages which the commissioners were required to have determined were the damages for lands taken by the proposed new road

and the damages, if any, to the landowners adjoining either the proposed new road or the road to be vacated. Appellant Woolcox is the only person shown by the record who owns any lands adjoining the Bailey Falls road sought to be vacated, her interest therein being a life estate only, and only a small part of said tract abuts on said road. The record clearly discloses that she will not be damaged, but will be benefited by the vacating of the Bailey Falls road and by the laying out of the proposed new road. The record also discloses that 130 persons residing within two miles of the road sought to be vacated and the road to be laid out, petitioned that said work be done, and represented that there would be no damages to anyone in connection therewith.

In this connection, it may be observed that, under a former statute, the Supreme Court held that, where the lands of the persons objecting were not taken, and any damages they might suffer were consequential damages, the mere fact that the same were not ascertained in the proceeding to vacate an old road or to lay out a new road was not jurisdictional, as the damages, if any, suffered by the parties complaining could be recovered thereafter in an action at law. *Hoag v. Switzer,* 61 Ill. 294–296; *Stetson v. Chicago & E. R. Co.,* 75 Ill. 74–77; *Brown v. Robertson,* 123 Ill. 631–634; *Fesser v. Achenbach,* 29 Ill. App. 373–376.

The writ of certiorari is not a writ of right, but is addressed to the sound legal discretion of the court. *Hyslop v. Finch, supra,* 179; *People v. Burdette,* 285 Ill. 48–49; *Sampson v. Commissioners of Highways, supra,* 454; *Board of Supervisors v. Magoon,* 109 Ill. 142–146; *Trustees v. School Directors,* 88 Ill. 100–101; *School Directors v. School Directors,* 245 Ill. App. 447–451.

Taking into consideration the benefits to the public in connection with the vacation of the Bailey Falls road

and the laying out of said proposed new road, as disclosed by the record, the trial court was amply warranted in exercising its discretion and in denying said petition.

It is also insisted by counsel for appellants that commissioner Clark signed the petition for the vacating of the Bailey Falls road and the laying out of the new road in the second proceeding, and that, while he did not sign said petition in the third proceeding, the signing of the second petition disclosed his interest and disqualified him to act as such commissioner as to said third proceeding. Eliminating the second proceeding, as we have held the court properly did, there is nothing in connection with commissioner Clark that in any way disqualified him.

It was also insisted that a brother and a sister of commissioner Clark signed the petitions in the third proceedings, and that, by reason thereof, Clark was disqualified. No authority was presented to support this contention, and it was practically abandoned in the argument.

It is also insisted that there is not a proper showing that the commissioners viewed or examined the routes of the roads involved, as required by the statute. The record discloses that said commissioners examined the routes involved, etc.; that appellant Woolcox was present in person at said meetings and the other appellants were there represented by their counsel; that the commissioners inquired if any of the parties present desired to go over said routes with the commissioners, and that none of them indicated a desire to do so. Appellants are therefore not in a position to urge this as a ground for the reversal of said judgment.

For the reasons above set forth, the judgment of the trial court will be affirmed.

*Judgment affirmed.*