## OLE ANDERSON

*v.*

## HANNIBAL P. WOOD, Supervisor, etc., *et al.*

1. ROAD AND BRIDGE LAW—*construction of sections* 69 *to* 77 *inclusive.* A fair interpretation of sections 69 to 77 inclusive, of chapter 121 of Revised Statutes of 1874, warrants including a prayer for a new road and for vacating an old road in the same petition.

80    15
23a  463

80    15
29a  375
80    15
46a  262

16      ANDERSON *v.* WOOD *et al.*      [Sept. T.

Opinion of the Court.

2. The commissioners of highways met on the day named in the notice, and went upon and viewed the line of a proposed road, and afterwards, and on the same day, announced publicly that they would not order the road to be established, which decision was not committed to writing until two days afterwards, when it was filed in the office of the town clerk: *Held,* that this was a substantial compliance with section 73 of the Road and Bridge Law of 1874.

3. SAME—*appeal from decision of highway commissioners in refusing to lay out a road.* Where an appeal is taken from the decision of commissioners of highways refusing to establish a road, to three supervisors, if the commissioners of highways and two of the petitioners appear before the supervisors on the day fixed by them, any informality there may be in the notice is waived, and if a postponement of the action of the supervisors is then and there had to a future day by common consent, it is regular.

4. APPEAL TO SUPERVISORS—*appearance of parties at an adjourned meeting cures irregularity in the adjournment.* Where the supervisors, to whom an appeal has been taken from the decision of the commissioners of highways, meet with the commissioners and two of the petitioners at a time and place fixed by the supervisors, and, by common consent, their action is postponed to another time, when they meet again, and the supervisors render their decision, the last meeting cures any irregularity there may have been in the adjournment of the first.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. DOUGLAS & HARVEY, for the appellant.

Mr. R. C. HUNT, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a proceeding on the equity side of the circuit court of Knox county, by bill exhibited by Hannibal P. Wood, supervisor of the town of Sparta, in that county, jointly with James M. Holyoke and William Robison, as residents and tax-payers in that township, setting forth various proceedings to lay out a road and vacate a road, and in which damages were claimed, alleging that the same were illegal, and praying that the payment of damages be enjoined and also the laying out and vacating the road, and that the injunction may be made perpetual.

Ole Anderson, on his motion, as a party interested, was made a defendant to the bill, and having answered the same in detail, averring the legality of the proceedings, moved for a dissolution of the injunction, which was denied, and, on final hearing, the injunction was made perpetual as prayed.

To reverse this decree, the defendant, Anderson, appeals. The errors he has assigned present the merits of the controversy, and we have duly considered them.

The road sought to be laid out is described as commencing at the south-east corner of section twenty-four (24) in the town of Sparta, running thence north eighty (80) rods, thence west one hundred and sixty (160) rods, thence north on the half section line to the centre of section thirteen (13) in the same town. The road proposed to be vacated is described as "a road known as the Lime Kiln road, commencing at the same south-east corner of section 24, and running northwesterly across said section to the south-west corner of the north-west quarter of the north-west quarter of said section twenty-four (24)."

It is unnecessary to specify the proceedings complained of, which were made the basis of the injunction, as the merits can be understood and disposed of in the consideration of two only, and which are the most important.

These proceedings were had under the act of April 11, 1873, entitled, "An act in regard to roads and bridges in counties under township organization," containing one hundred and twenty-seven sections. R. S. 1874, ch. 121, p. 912.

Their validity, by which the new road was laid out, and the "Lime Kiln road" vacated, must be tested by this act.

We have examined these proceedings with the statute before us, and do not discover any substantial departure from its various provisions, in regard to laying out one road and vacating another.

Some comment is made that this petition prayed for a new road, and vacating an old one, and it is suggested these objects can not be comprehended in the same petition. A fair interpretation of sections sixty-nine to seventy-seven, inclusive,

warrants the course pursued in this case, and there is a necessity for so construing the law, for in very many cases it would be difficult, if not impossible, to decide upon the propriety of laying out a new road without involving the consideration of a necessity for the old road, should a new one be determined on; the latter being to be so laid out as to render the old road useless, and to save multiplicity of proceedings to attain the same end, the petition can rightfully embrace both objects.

The main ground of controversy between these parties seems to be, first, that the commissioners of highways failed to act on the sixth day of November, 1873, the day on which, according to the notice, they were to meet, and that they made no adjournment to any other day, to hear reasons for and against laying out the new road, or vacating the old road.

The answer to this is, and the record shows, that the commissioners met on that day pursuant to the notice, and went upon and viewed the line of the road, and thereafter, on the same day, announced they would not order the new road to be established. This decision was not committed to writing until the 8th day of November, and was filed on that day, in the office of the town clerk. This, we think, was a substantial compliance with section seventy-three. It can hardly be held here was an adjournment of the meeting, for a public announcement was made of the final decision of the commissioners on the sixth, the day of their meeting. The decision was committed to writing on the eighth, and filed with the town clerk within the ten days required by the statute.

It is claimed, secondly, that appellant failed to comply with the statute as to the necessary steps in perfecting his appeal, he not giving notice of the time and place when such appeal would be heard.

Section 99 provides, that any person interested in the decision of the commissioners of highways, may appeal from such decision to three supervisors of the county outside of the town, etc., by giving a written notice of such appeal to the said commissioners of highways, and to at least three of the petitioners, and also to the same parties a notice when and

where such appeal will be tried, at least three days before such trial, within ten days after such decision has been filed in the office of the proper clerk; and shall also present a written petition to some justice of the peace of the county, asking for an appeal, and stating on what grounds the appeal is taken; and, by section 102, shall file with the justice of the peace, or town clerk, a sufficient bond, which was done. The adverse decision of the highway commissioners was filed in the office of the town clerk on November 8th. On the 13th of that month, appellant, Anderson, presented his petition to one Dunkle, a justice of the peace of the county, asking for an appeal, stating therein the grounds on which the appeal was taken.

Notice of the appeal was served in writing on all these commissioners of highways, and on three of the petitioners, by the 15th of November; that three supervisors, naming them, outside of the town of Sparta, had been duly summoned by Dunkle, a justice of the peace, and that they would meet at the Founen school house, in the town of Sparta, on the 24th of November, 1873, at ten o'clock in the forenoon, for the purpose of hearing the appeal and determining the same, and also the purpose of the appeal.

The supervisors were duly served with the summons, and fixed the 28th day of November as the day of their meeting at the Founen school house.

Notice to hear the appeal on the 28th was duly served on the highway commissioners, and three petitioners.

On the 28th of November, at the Founen school house, the selected supervisors, the three highway commissioners, and two of the petitioners for the road, met at the hour appointed, and, by common consent, the hearing of the appeal was postponed until the 5th day of December following, at the Founen school house, at ten o'clock on the morning of that day, and the same publicly announced, and a notice thereof posted on the front door of the school house.

On this fifth day of December, at the time and place specified, the three supervisors, the three commissioners of high-

ways, and parties interested and their attorney, appeared to hear and determine the appeal. After examining the route of the proposed road, and hearing the reasons for and against, the supervisors reversed the order of the highway commissioners, and decided the road should be laid out, as prayed, and publicly announced this as their decision, on the 5th of December, 1873.

Counsel for appellee is mistaken in supposing the notice of the meeting on the 28th of November was not served ten days previously. That notice was in time, as appears in the record. The notice of the adjournment to the 5th of December was posted on the 28th of November, and was regular. The ground assumed by counsel is, that notice of the meeting on the 28th of November not having been served in time, the supervisors acquired no jurisdiction to hear the appeal on the 5th of December.

We have no doubt the appearance of the three commissioners and two of the petitioners before the supervisors on the 28th of November, was a full appearance, and waived whatever informality there might have been in the notice, and the postponement to the 5th of December, by common consent, was proper. No argument can be drawn from the fact that, in the summons of the justice of the peace to three supervisors, he fixed the day of meeting on the 24th of November. The statute does not and did not give him the power to select the day of meeting. That is for the supervisors to do. Section 100 provides, it shall be the duty of the justice of the peace to cause to be summoned three supervisors of the county, to hear such appeal, and said supervisors shall fix upon a time and place when said appeal will be heard by them.

These supervisors, on being summoned, fixed upon the 28th of November as the time, and the Founen school house as the place, of which all parties interested had due notice, and then and there personally appeared. There can be no question of jurisdiction, nor can we perceive any error in its exercise. The meeting on the 5th of December cured, we think, any irregu-

larity, if there was any, in the adjournment on the 29th of November.

There is no point made on the proceedings to assess damages, nor on the subsequent proceedings of January 26, 1874.

As presented to us by this record, we are of opinion the proceedings to lay out this road and vacate the Lime Kiln road, were in substantial compliance with the statute, and the parties interested should not have been enjoined in their attempt to carry into effect the order of the supervisors on appeal.

The injunction, having been improvidently granted, should have been dissolved on the answer of appellant, and on the merits, as disclosed on the hearing. The principal objections relied on by appellee do not exist in fact, and no cause appears for equitable interference.

The decree is reversed and the bill dismissed.

*Decree reversed.*