LLOYD BAILEY *et al.*

*v.*

WILLIAM McCAIN *et al.*

| 92 | 277 |
|----|-----|
| 133 | 667 |
| 92 | 277 |
| 52a | 463 |
| 92 | 277 |
| 46a | 262 |
| 92 | 277 |
| 174 | 305 |

1. HIGHWAY—*jurisdiction to alter, how obtained.* The presentation to the commissioners of highways of a petition signed by the requisite number of persons qualified to sign the same, asking for the alteration of an existing highway, the petition having been posted according to law, and the giving of notice of the time when and place where action would be taken on the petition, confers jurisdiction upon the commissioners to hear and decide, and their proceedings will not be null and void for irregularity in the same, and can not be assailed collaterally.

2. SAME—*indefiniteness as to part of road changed.* The fact that the description of the alteration of an old road, as given in the order declaring it to be made, is not as definite as it should be, will not deprive the commissioners of the jurisdiction previously obtained, and their acts will be valid until set aside or reversed in some direct proceeding.

3. SAME—*equitable jurisdiction.* Where commissioners of highways, having acquired jurisdiction, make an order changing and altering a previously

established road, and in doing so proceed illegally or irregularly, the remedy for any one aggrieved is by appeal or *certiorari*, and if he neglects to avail of his legal remedy a court of equity will not interfere in his behalf.

APPEAL from the Circuit Court of Jasper county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. JOHN H. HALLEY, for the appellants.

Messrs. BROWN & GIBSON, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a bill for an injunction, brought by the owners of lands affected, against the commissioners of highways, to restrain them from changing a county road under an order made for that purpose. It is alleged the lands owned by complainants are improved, and inclosed with good fences; that the road about to be changed has been used and worked for over twenty years, and that complainants have built their houses and fences to the road as it was originally laid out, and the purposed change will require them to move their fences and subject them to other great inconveniences.

As a ground of relief it is charged the commissioners of highways had no jurisdiction to make the order changing the old road to the line of the newly surveyed route. The allegation is, the petition could confer no jurisdiction on the commissioners of highways, and the reason assigned is that the petition "does not set forth the part of the road to be changed or altered," and that the order of the commissioners making the change in the highway is null and void, "for the reason it states no place of change in the road, but merely states where the old road runs."

The matters complained of relate more to the regularity of the proceedings than to matters that confer jurisdiction upon the commissioners of highways acting in the premises. A petition, signed by the usual number of persons having the requisite qualification, was presented, asking for an alteration of the highway, which was regularly posted as the statute re-

quires, and notice of the time and place was given when action would be taken on the petition.   In that way the commissioners of highways obtained jurisdiction to hear the petition, and having jurisdiction, their proceedings, although they may have been irregular, are not null and void, and can not be assailed collaterally, as in this case.   Conceding the description of the alteration in the road, as given in the order declaring it to be made, is not as definite as it should be, still that fact did not deprive the commissioners of that jurisdiction which they obtained by the presentation and posting of the petition.

The commissioners having once acquired jurisdiction, as we think they did, their acts are valid until set aside or reversed in some direct proceeding for that purpose.   The parties affected might have obtained the desired relief either by appeal from the action of the commissioners, or by the common law writ of *certiorari.*   Having failed to avail of the remedies which the law afforded, equity will not now assist them.

There being no ground for equitable relief, the bill was properly dismissed, and the decree will be affirmed.

*Decree affirmed.*