# A. P. Brown

## v.

## Samuel R. Roberts et al., Commissioners of Highways.

*Highways—Alteration and Vacation—Form of Prayer—Proceeding by* Certiorari *to Quash Order of Commissioners—Record—Change in Route—Agreement Concerning Damages—Surveyor—Appeal to Supervisors—"Interested Person"—Review of Authorities—Form of Judgment—Costs.*

Brown v. Roberts.

1.  In a proceeding by *certiorari* to quash the order and proceedings of Highway Commissioners altering a highway, upon a return being made by the defendants, the record as returned is the record to be inspected by the court and upon which alone the trial must be had.

2.  Where it appears from the return to the writ that the Commissioners had jurisdiction, and did not exceed it but proceeded according to law, the writ should be quashed.

3.  A prayer for a new road and for the vacation of an old road may be included in the same petition to the Commissioners.

4.  In the case presented, it is *held:* That the Commissioners, defendants herein, acquired jurisdiction and acted legally in vacating and re-locating the road in question; that the petition did not seek to alter one road and vacate a different one; that the Commissioners had legal authority to make certain changes in the route; that an agreement concerning damages was sufficient though not sealed; that the Commissioners could legally have the survey and plat made by any competent surveyor; that no valid appeal was taken from the final order of the Commissioners to the Supervisors, the appellant not appearing to have been "interested" as required by statute; that the judgment of the court being wrong in form, the proper judgment may be entered in this court; and that the appellant should pay costs of this appeal.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Marion County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. CASEY & DWIGHT, for appellant.

Messrs. W. & D. L. STOKER, for appellees.

GREEN, J. Appellant filed his petition for *certiorari* to quash the order and proceedings of appellees as Commissioners of Highways, altering a highway by vacating part and re-locating part thereof. Upon the hearing, the Circuit Court entered judgment affirming the order of appellees and three Supervisors (to whom an appeal was alleged to have been lawfully taken), and against appellant for costs. To reverse this judgment appellant took this appeal. Many of the objections made to the final order of the Commissioners are based on the erroneous assumption that the record of proceedings attached to and made part of the petition for *certiorari* is the record

Brown v. Roberts.

upon which the trial should be had and that the record *as returned* had been changed and was not the true record. But in a proceeding by *certiorari*, upon return being made by defendants, the record as returned is the record to be inspected by the court and upon which the trial must be had.

If it appears from the return to the writ, the inferior tribunal had jurisdiction, and had not exceeded it, and had proceeded according to law, the writ should be quashed; the trial must be had on the record alone. C. & R. I. R. R. v. Whipple, 22 Ill. 105; Donahue v. County of Will, 100 Ill. 94; Gerdes v. Champion, 108 Ill. 137. In McManus v. McDonough, 107 Ill. 95, the record as returned showed the indorsement of a memorandum on the petition signed on the date of hearing the petition; an effort was made to disprove *the date* of sign ng the indorsement and show it was not signed until the next day, *and after the petition had been returned to the office of the Town Clerk;* but it was held, the trial must be had on the record of proceedings as returned, and that oral evidence could not be heard to aid or contradict the record. The rule announced in the cases cited, limits this court in determining the question of the validity of the order sought to be set aside; to the examination of that record which appellees returned and offered as the record of their proceeding.

By that record it appears to us appellees acquired jurisdiction and acted legally in all the steps taken by them to alter the road by vacation and re-location, as prayed for in the petition presented to them.

Several objections to this view are made on behalf of appellant and will now be noticed. It is said that by the petition it is sought to alter one road and vacate *some other road* and this can not be done, except a separate petition for each be presented to the Commissioners, and, furthermore that in the petition and proceedings disclosed by the record no connection is shown between the road to be vacated and the road to be altered and established, which, in effect, is the first objection stated in another form. Our Supreme Court have held in Anderson v. Wood, 80 Ill. 15, the prayer for a new road, and for the vacation of an old road, may be included in the same

petition; but aside from this, we do not understand the prayer of the petition to be as counsel suggest. On the contrary the prayer is for the alteration of *one and the same road*, described as the Fairfield road, by vacating about a half mile of it, along the north line of an eighty-acre tract of land owned by John McClelland, and in lieu of this part vacated, re-locating about the same length of road over the same tract of land, commencing twenty feet north of the south line at the west line thereof, thence running east a certain distance and then northeasterly, and intersecting that part of said Fairfield road which runs from the northeast corner of said eighty-acre tract south, along the east line of said tract.

The next point suggested is, that the plat and survey do not conform to the petition in this, that the latter calls for a line running 155 or 160 rods east from a stone, and then making an angle to the left, etc., while the survey runs 34.40 chains east and then diverges to the left; also that the petition calls for the eastern terminus of the re-located portion of said road to be at a point six or eight rods north of the center of Sec. 15, while the survey made, calls for such terminus to be 173 links from the center section corner of Sec. 15. It appears by the record the Commissioners examined the proposed route of this portion of the road, and ordered the survey to be made, making such changes in the route as in their judgment the convenience and interest of the public required. This action on their part explains the cause of the discrepancy complained of, and was authorized by Sec. 36, Chap. 121, p. 2147, Starr & C. Ill. Stat.

It is objected that no release or agreement for damages was made with Kalkheimer and Wood; that they are shown in the petition to be interested as land owners, and without such agreement or release, the order of the Commissioners could not be legally made; also that the written agreement with McClelland by the Commissioners for damages, is not signed and sealed by him.

Sec. 39 of same chapter and statute above cited provides, before the Commissioners order any road to be established, altered, etc., they shall ascertain the aggregate amount of

damages which the owner or owners of *land over which the road is to pass,* shall be entitled to, and by Sec. 40, *ibid.,* the damages may be agreed upon by the owners of land (if competent to contract) and the Commissioners, and the agreement shall be in writing. It appears by the record that McClelland was the sole owner of the *land over which said road was to pass* and the only person with whom an agreement concerning the damages need be made by appellees. Such an agreement was so made in writing, signed by McClelland, and it is not material that he failed to seal it.

As to the matter of the survey and plat, the report and filing the same, and whether the person employed as surveyor was competent (he not being a County Surveyor), commented on by appellant's counsel in their brief, it is sufficient to say : By the record and final order of appellees, which is part thereof, it appears on the 14th day of July, 1885, William Bahlen, a competent surveyor, under the direction of appellees made a survey and plat and duly reported the same to them, and it is annexed to and made a part of the final order vacating and re-locating portions of said road, made July 18, 1885, and filed with the Town Clerk.

Such survey and plat could be legally made by any competent surveyor under the directions of the Commissioners, and the statute does not require him to be the County Surveyor.

Two further points remain to be disposed of by us. It is insisted that an appeal from the final order of appellees was taken to three Supervisors by Wilson Gragg; that this appeal removed the whole matter from the jurisdiction and control of appellees; that although upon hearing the appeal said Supervisors confirmed said final order, yet, never having filed a report of their proceedings and decision in the Town Clerk's office, the proceedings, as counsel express it, abated. This proposition is not tenable under the facts established by the record of the proceedings in this alleged appeal, even if the said record had been competent evidence. Sec. 59 of said Chap. 121 provides: "Any person or persons interested in the decision of the Commissioners in determining to or in refusing

to lay out, alter, widen or vacate any road  *  *  *  or in the verdict of any jury in assessing damages in opening, altering or vacating any road, may appeal from such decision to three Supervisors  *  *  *  by filing a written petition with some Justice of the Peace  *  *  *  asking for an appeal and stating the grounds on which such appeal is taken." The person attempting this appeal in his petition therefor describes himself "a land owner and a person interested in the action of the Highway Commissioners," but how or in what manner he is so interested does not appear. The right to appeal given by Sec. 59 is restricted to "persons interested," and whether this petitioner is included in that class depends on the meaning and construction proper to be given those words in interpreting them as intended to be understood by the Legislature. Two decisions of our Supreme Court have been made giving a construction to these words. In one of these cases, Taylor v. Normal, 88 Ill. 526, it was held, "persons interested" as used in Sec. 59 included those only who own land adjoining the road to be laid out or vacated, and such and none other had the right to appeal." In the other case, Whitmer v. Com'rs of Highways, 96 Ill. 289, Sabin, one of the appellants, owned land adjoining a public highway and had built a house on said land solely with reference to that road, which was the only road running by his house, and the only direct road from his farm to the county seat and his market town. An order vacating a portion of said road between his farm and the county seat was made by the Commissioners, from which order he appealed. That portion of the road vacated by the order was not on his land, but a majority of the Judges held he was entitled to take the appeal as being "a person interested" within the meaning of Sec. 59, notwithstanding his land did not adjoin that part of the road so vacated, and to this extent modify the opinion in Taylor v. Normal, *supra*. But in doing this it is said in the opinion: "Persons may have a deep interest in the laying out or in the vacating of a road merely as a thoroughfare for travel, without having any land to be taken or restored to them in consequence of laying out or discontinuing the road. And to give the right of appeal to

such persons, or to one whose land is not actually touched by the road, it would not necessarily follow that *any citizen of the State might appeal as having an interest in the public highways.* There are degrees of such interest rendering proper the right of appeal in one case, where it might not be in another." Keeping in view the purpose of this section, which evidently is to give those who have a real, direct and substantial interest, differing from the interest of the public at large, in the subject-matter of the order of the Commissioners, an opportunity to object thereto by appeal, and protect their rights by empowering another tribunal to reverse such order if improvident or oppressive, and on the other hand, not permit delay and litigation to supervene at the instance of litigious persons having no such interest, we feel satisfied Gragg was not shown by the record to be "a person interested" within the meaning of said Sec. 59 and had no lawful right to appeal. It does not appear he owned land in said town, or had an interest in the laying out or in the vacating of said road as a thoroughfare, or was a tax-payer whose rights would be affected by the decision and order of appellees.

The ground for such appeal, stated by him in his petition, is that said Commissioners allowed excessive damages to John McClelland for the land owned by him over which said road was located, and is not one of the grounds mentioned in the section.

Upon that ground, even had he been a person having a right to take an appeal, no appeal would lie. It follows that the said Supervisors, for the reasons given, acquired no jurisdiction to entertain such appeal, and the jurisdiction of the appellees was in no way taken from them or interfered with by the attempted appeal or the proceedings under it.

But the judgment rendered by the court below was not in proper form; it "affirmed the order of the Board of Highway Commissioners and the three Supervisors to whom an appeal was prosecuted." The judgment should have been that the writ of *certiorari* be quashed, and against the petitioner, Brown, for costs. That judgment will therefore be entered in this court, and as its effect is practically the same as that of

the court below, appellant will be required to pay the costs of this appeal also.

Judgment modified and affirmed.

*Affirmed.*