## THOMAS G. CROUSE AND JAMES CROUSE

### v.

## ISAIAH D. WHITLOCK ET AL., COMMISSIONERS, ETC.

*Highways—Laying Out of Public—Petition for—Omission of Date for Application—Appearance at Hearing of Objecting Parties—Duty of Commissioners to Have Survey and Plat Made—Waiver of Objections by Land Owner.*

1. Where a petition to the commissioners to lay out a highway failed to state the date when the application would be made, but a separate notice duly posted did give the date, and the objecting land owners duly appeared at the hearing and urged their objections to the laying out of the road, *held*, that by such appearance they waived their right to object to the defect in the original application.

2. Where a petition for a highway clearly shows the land proposed to be taken and the commissioners do not make any change in the termini of the road therein described, there is no necessity for a survey and plat prior to the assessment of damages, since the plat thereafter made and annexed to the final order will conform to the original petition. If the land owner does not at the time of the assessment object to the absence of a plat and survey he can not afterward complain of the want of it.

[Opinion filed July 5, 1892.]

APPEAL from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. WILLIAM A. CRAWLEY, for appellants.

Mr. EDWARD L. McDONALD, for appellees.

MR. JUSTICE PLEASANTS. Appellants and Squire D. Masters filed the bill herein on February 21, 1890, to restrain appellees from opening a new road through their lanps. A preliminary injunction was granted, which afterward, on final hearing upon the pleadings and proofs, was dissolved, and after assessment of damages, upon suggestion of defendants the bill was dismissed, and this appeal taken. It appears that a petition for the road was presented to the commissioners which conformed to the statute in all respects except that it did not state "the date when the application would be made." A separate notice, however, that it would be made on the second Tuesday of September, 1889, the regular day for the meeting of the commissioners, signed "William Russell and others," was duly posted and a copy thereof filed with the clerk of the road district in apt time. At that meeting the petition was "accepted," and Saturday, the 12th day of October then next, at 9 o'clock A. M., set for viewing the route and hearing reasons for and against granting the prayer, of which due notice was given by posting. At the time so set appellants attended, went over the route with the commissioners and urged their objections to the laying out of the proposed road. The commissioners took the matter under advisement and, by proclamation and posting notices as required, adjourned to meet "at the town of Maryville" on the following Saturday, at the same hour. After further consideration the prayer of the petition was at that meeting granted. On the same day the commissioners filed with George M. Quackenbush, a justice of the peace, a certificate of their action, with a view to his summoning a jury to assess damages to the owners of the land over which the road was proposed to be laid. A venire was

immediately issued, returnable on the 26th. Complainants were also duly summoned and appeared. After hearing the evidence the jury awarded to complainant Thomas G. Crouse the sum of $50, and to James Crouse $137, but to Squire D. Masters nothing. From this assessment complainants took an appeal to the county court, which they stated to be "for the reason following, towit: on account of not receiving sufficient damages." On the 14th of January, 1890, they entered their motion in the County Court to dismiss the case for want of jurisdiction, supported only by an affidavit of Masters that the commissioners had not caused a survey or plat to be made, and had "otherwise proceeded illegally;" which motion was overruled. A trial was then had *de novo*, resulting in a finding for complainants, respectively, of specified amounts. On the 19th their motion for a new trial was denied and judgment entered on the verdict; whereupon they prayed and were allowed an appeal to this court, but did not perfect it, and filed this bill.

The ground for injunction, as therein claimed, is that the proceedings were without jurisdiction, for the reasons: (1) that the petition did not state the date when the application would be made; (2) that no copy of the notice of the intended application was filed with the district clerk in apt time or at any time, and (3), that the commissioners did not cause a survey or plat of the proposed road to be made. We think the evidence disposed of the first of these objections, and if not, that the appellants, by their appearance and participation in the proceedings, waived them all. The jurisdiction of the subject-matter in general is unquestioned. That of the particular case is obtained by a proper petition presented to the commissioners upon due notice to parties interested (Bailey v. McCain, 92 Ill. 277), and such defects therein as are here complained of may be waived by appearance. Anderson v. Wood, 80 Ill. 15; Board of Supervisors v. Magoon, 80 Ill. 148. The statute prescribes what the petition shall contain, which includes "the date when such application will be made;" and the same section requires independent "notice of such intended application," by posting advertise-

ments and filing a copy with the district clerk at least twenty days before the sitting of the board at which it is to be made. Hurd's R. S., 1891, p. 1232, Sec. 204. This notice is of the nature of process. Nothing, therefore, could be more essential to jurisdiction of the person. And yet, since it affects that jurisdiction only, it may be waived by the party for whose benefit it is required; and his actual appearance and submission to the jurisdiction is such a waiver as estops him to complain of the omission. Here, although the petition did not contain it, the independent notice was given, and appellants fully appeared. They were deprived of no right nor suffered any disadvantage by reason of the defect in the petition.

Section 208 of the statute provides that "if such petition is for the establishment of a new road  *  *  *  and the commissioners, or a majority of them, shall be of the opinion that the prayer of the petitioners should be granted, they shall cause a survey and plat of such road to be made by a competent surveyor, who shall report such survey and plat to said commissioners, giving the courses and distances and specifying the land over which said road is to pass, in which they may make such changes between the termini of the road described in the petition as the convenience and interest of the public, in their judgment, may require;" and section 222 that " in case the commissioners shall not revoke such prior proceedings they shall make an order, to be signed by them declaring such road so  *  *  *  laid out a public highway, and which order shall contain or have annexed thereto a definite description of the line of such road, together with a plat thereof. The commissioners shall, within five days from the date of such order, cause the same, together with the report of the surveyor, the petition and the releases, agreements or assessments in respect to damages, to be deposited and filed in the office of the district clerk."

Thus it is seen that the survey and plat are to be made after the commissioners have decided, subject to revocation, to grant the prayer of the petition (Sec. 206) and before making the final order establishing the highway; but at what

time, more particularly, the statute does not directly declare. It is of public interest that a highway as established or intended to be should be certainly identified by means that are permanent, and therefore such an order without a survey and plat might well be held "illegal and void," as in Town v. The Town of Blackberry, 29 Ill. 139. But whether it should be made before the assessment of damages, would seem to be only a question of convenience to the parties— the commissioners and land owners, and perhaps also the witnesses and jurors on the assessment. Where the petition clearly shows the land proposed to be taken, and the commissioners do not see fit to make any change between the termini of the road therein described, we see no necessity for a survey and plat with a view to the assessment, nor any disadvantage or danger to the land owner for want of it, since in that case the survey and plat thereafter made, to be contained in or annexed to the final order, will conform to the description in the petition, and thus show the same land for which the damages were assessed. If, therefore, the land owner does not at the time, object to the assessment without the plat and survey, we think he should not afterward be heard to complain of the want of it.

Here the petition described the road as "forty feet wide, beginning at the southeast corner of the S. W. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of Sec. 14, T. 13 N., R. 10 west of the third P. M., running thence west one mile, thence north one half mile, thence west nearly one half mile, to intersect a public road near the residence of T. G. Crouse," and the answer averred that it was "on certain well known and defined lines which were duly marked by proper stones and other permanent marks by a competent surveyor, and that a copy of such survey was made and platted for the use of said defendants;" and the copy so used was shown to have been truly made from the record of the official survey of the county surveyor. These were all lines of the congressional subdivisions of the township, and it was unnecessary for the purpose then in view to have a survey and plat made specially for that occasion. Appellants took part in the assessment proceed-

ing, and it does not appear that this objection was then made. From that assessment the statute gave them the right of appeal on any grounds to be stated (Sec. 232). They did appeal, but upon the sole ground that the damages allowed were insufficient. That the commissioners had lost jurisdiction of the case by their failure to cause a survey and plat to be made, was first suggested by their motion in the court to which the appeal was taken. But by the appeal they recognized the jurisdiction, and the County Court properly overruled the motion. Frizell v. Rogers, 82 Ill. 109. They then went to trial, and from the judgment prayed an appeal to this court, which was allowed but not perfected. Had they brought the case here on that appeal they could have had all the relief to which they were entitled. The remedy thereby was complete and we see no reason for the interference of a court of equity. Finding no error well assigned, the decree will be affirmed.

*Decree affirmed.*