### George M. Whittaker v. T. H. Gutheridge et al., Supervisors, etc.

1. HIGHWAYS—*Injunction To Prevent Laying Out.*—As a general rule, a bill for an injunction will not lie to restrain the laying out of a highway unless the proceedings are void for the want of jurisdiction on the part of the commissioners or supervisors.

2. HIGHWAYS—*When Equity Will Restrain the Opening.*—Where an

order of the commissioners establishing a highway is void for want of jurisdiction, a court of equity may entertain a bill to enjoin the opening of the road.

3. HIGHWAYS—*Requisites of a Petition To Lay Out.*—A petition to lay out a highway stated that the petitioners resided within "t-h-o-w" miles of the road in question. *It was held* that in view of the fact that the statute says *two*, and that these letters are intended to designate the number of miles, and represent *two* better than any other number from one to infinity, the petition was sufficient to confer jurisdiction upon the commissioners.

4. HIGHWAYS—*Requisites of the Petition.*—Where a petition for a road stated that "the road begins on the west line of section three, between sections three and four, and runs on said line to the southwest corner of section three, and thence east on the south line of that section to the southeast corner thereof, where it intersects a road running north and south between sections two and three in said town, county and State, the petition being addressed to the commissioners of highways of the town of Lawrence, in the county of Lawrence, in the State of Illinois, *it was held* that these allegations show that the highway in question is wholly within the town of Lawrence.

5. HIGHWAYS—*Requisites of a Petition for an Appeal to the Supervisors.*—Where a petition filed with a justice of the peace for an appeal from the decision of the highway commissioners, alleged that the person taking the appeal was directly interested in the decision, *it was held* that the term "interested in the decision," meant that he was the owner of land adjoining the road to be laid out or vacated, and is sufficient unless other allegations negative this meaning.

6. HIGHWAYS—*Amendment of Petition for an Appeal to the Supervisors.*—A petition for an appeal from an order of the commissioners of highways to the supervisors was amended so as to show that the petitioners who stated they were interested in the decision were the owners of land adjoining the road sought to be laid out. *It was held* that there is no objection to the allowance of such an amendment.

7. HIGHWAYS—*Appeals to Supervisors—Who Is a Land Owner.*—A testator devised his land to his wife with power to sell, etc.; at her death it was to go to his sons, provided they should pay all debts owing by him at his death, and by his wife at her death, and the funeral expenses of both. *It was held*, that the sons were given such an ownership of the land devised as to clothe them with the right to appeal under the road and bridge act.

8. WILLS—*Construction of—Devisees Creating Life Estates with Power of Sale.*—A power of sale added to a life estate does not raise the estate to a fee, but a will may create a life estate with power to sell and convey the fee, and at the same time devise a remainder to take effect on the determination of the life estate.

**Memorandum.**—Bill for an injunction restraining the opening of a highway. Appeal from the Circuit Court of Lawrence County; the

Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 28, 1894.

The statement of facts is contained in the opinion of the court.

W. F. FOSTER, attorney for appellant.

GEE & BARNES, attorneys for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellant filed a bill to enjoin appellees, who were supervisors of certain towns in Lawrence county, from laying out and opening a certain road in said county, or assessing damages for the land taken, or doing any act to carry into effect an order theretofore made by them, granting the prayer of the petition for laying out the road. Appellees filed an answer to the bill. On the hearing, the temporary injunction which had been issued was dissolved, and the bill was dismissed. Aside from the alleged want of jurisdiction of the commissioners of highways to act on the petition, or of the supervisors to hear the appeal, the ground upon which equitable relief is asked may be found in the following allegations of the bill: "Your orator further represents that the said supervisors, as aforesaid, are now proceeding in accordance with said order, so made by them on said appeal, granting the prayer of said petition to take releases for right of way, and have filed a certificate with a justice of the peace to condemn the land of your orator, over which said proposed road will run, and that, unless restrained by the order and injunction of this honorable court, the said supervisors, as aforesaid, will condemn the land of your orator and lay out and open said road as aforesaid under said void, unwarranted and illegal order, as aforesaid." If the commissioners and supervisors had jurisdiction, these allegations of the bill furnish no ground for the interference of a court of equity.

It was held in Winkler v. Winkler et al., 40 Ill. 179, that the simple act of presenting a petition to the commissioners of highways for a private road, and the expressed determination on their part to act on that petition and grant the prayer thereof, by ordering a survey of the road, afforded

no ground for an application to a court of chancery for an injunction, inasmuch as there was a remedy by appeal if the commissioners should allow the petition.   In Bailey et al. v. McCain et al., 92 Ill. 277, it was held that where commissioners of highways, having acquired jurisdiction, make an order changing and altering a previously established road, and in doing so, proceed illegally and irregularly, the remedy for any one aggrieved is by appeal or *certiorari*, and if he neglects to avail himself of his legal remedy, a court of equity will not interfere in his behalf.   In Dickerson v. Commissioners of Highways, 18 Bradw. 88, proceedings to lay out a road had progressed regularly to the point where damages had been assessed to complainant and released by the other owners, whereupon the commissioners, learning that the parties relied on declined to pay the damages, refused to proceed further on their part except to file all the papers in the town clerk's office.   Afterward another petition, identical with the first, was presented to the commissioners, who decided to grant the prayer of the petition, and proceeded to take steps to have the complainant's damages assessed.   The complainant filed a bill to enjoin further proceedings under the second petition, contending that the proceedings under the first petition could not be abandoned without his consent after his damages had been assessed, and should be considered as a bar to any action under the second petition. The Appellate Court, without deciding this question, held that the complainant had an adequate remedy at law, and affirmed the decree of the court below, dismissing the bill.

Under the authority of the foregoing cases, we are of the opinion that the bill in this case shows no sufficient reason for the interposition of a court of equity by injunction, unless the proceedings to lay out the highway are void for want of jurisdiction on the part of the commissioners or supervisors.   It has been held that where an order of the commissioners establishing a highway is void for want of jurisdiction, a court of equity may entertain a bill to enjoin the opening of the road.   Frizell et al. v. Rogers, 82 Ill. 109. It is therefore incumbent upon us to inquire whether or not

the commissioners in the first instance, and the supervisors, on appeal, had jurisdiction and were authorized to act on the petition.

It is said that the commissioners acquired no jurisdiction because the petition did not show that the petitioners resided within two miles of the proposed road. The evidence shows that at least twelve of the petitioners resided within the limits required by law. But the question here is not, what is the fact, but what is the allegation of the petition? Does t-h-o-w mean two, or three, or nothing? Appellant says it means three or nothing. Appellees say it means two. In view of the fact that the statute says two, and that these letters are intended to designate the number of miles, and represent two better than any other number from one to infinity, we are inclined to hold that the meaning is sufficiently plain and that the petition is sufficient to confer jurisdiction.

It is next urged that the petition does not show that the proposed road was in the town of Lawrence, to the commissioners of which town the petition was addressed. The petition shows that the road begins on the west line of section three, between sections three and four, and runs on said line to the southwest corner of section three, and thence east on the south line of that section to the southeast corner thereof, where it intersects a road running north and south between sections two and three in said town, county and state. The petition is addressed " To the commissioners of highways of the town of Lawrence, in the county of Lawrence, in the State of Illinois." These allegations show clearly that the highway in question lies wholly within the town of Lawrence.

It is insisted, in the next place, that the supervisors had no jurisdiction on appeal because the petition for the appeal did not show that the individuals praying the appeal were the owners of land adjoining the road. The record shows that after the commissioners had rejected the prayer of the petition, Thomas H. Seed and Frank C. Hardacre filed a petition with a justice of the peace,

praying for an appeal. This petition as filed with the justice alleged that Seed and Hardacre were directly interested in the decision. The question arises, must the petition for an appeal set forth how the petitioner is interested, or is an allegation in the language of the statute sufficient? Undoubtedly it would be proper to show upon the hearing before the supervisors that the petitioner praying the appeal was not interested in fact in the manner contemplated by the law. But would not the allegation that he was interested in the decision be sufficient to give the supervisors jurisdiction? We are referred to Commissioners of Highways v. Quinn et al., 136 Ill. 604, as holding the contrary. In that case the petition showed upon its face that the petitioner did not own land adjoining the road. The court held that the phrase "interested in the decision" did not apply to one having a remote interest, but to the owner of adjoining land. Therefore to allege that one is interested in the decision means that he is the owner of land adjoining the road to be laid out or vacated, and is sufficient unless other allegations negative this meaning, as was true of the Quinn case. In the case before us the supervisors permitted the petition to be made more specific by amendment, so as to show that said Seed was the owner of land adjoining the road sought to be laid out. We see no objection to the allowance of such an amendment, and think, on an examination of the whole record, that the appeal was duly perfected.

But it is said that even if the petition for an appeal should be held sufficient on its face, yet the evidence upon the hearing of this cause in the Circuit Court showed that neither of those appealing was the owner of land adjoining the road. This assertion, if established, might furnish a substantial reason for the interference of equity, inasmuch as no appeal can be taken from the supervisors, and their want of jurisdiction does not appear upon the face of the record, and therefore can not be taken advantage of on *certiorari.*

We turn to the record in this case to ascertain whether or not the fact is as alleged. Samuel I. Seed, the father of

Thomas H. Seed, was the owner of land over which the proposed road runs. He died before these proceedings were begun, and left surviving him his widow and three sons and two daughters mentioned in his will. He devised to his wife all his property to be used and enjoyed by her during her natural life. He gave her full power and authority to sell and convey such of his real estate or personal property as she might deem proper. After the wife's death, all the real estate not disposed of by her was to go to the testator's three sons, one of whom was Thomas H. Seed, as above stated, provided they should pay all debts owing by the testator at his death and by his wife at her death, and the funeral expenses of both. Whatever remained of the personal property at the wife's death was to go to the two daughters, and was not to be chargeable with any of the debts above referred to. Does this will give the real estate in fee to the widow? If not, the right of Thomas H. Seed to appeal is beyond dispute. It seems to us that the proper construction of this will is clearly indicated in Hamlin et al. v. United States Express Co., 107 Ill. 443; Walker v. Pritchard et al., 121 Ill. 221, and Ducker et al. v. Burnham et al., 146 Ill. 9. In these cases it was held that a power of sale added to a life estate does not raise the estate to a fee, but that a will may create a life estate with power to sell and convey the fee, and at the same time devise a remainder to take effect on the determination of the life estate. The construction of Samuel I. Seed's will in accordance with this rule of law, gives Thomas H. Seed such an ownership of the land devised, as to clothe him with the right of appeal under the road and bridge act. The evidence relating to the payment of the indebtedness mentioned in the will need not be considered, for the reason that if the payments required should not be made, the land would descend as intestate estate, and Thomas H. Seed would be the owner of an interest therein in either event. None of the other objections argued by appellant are jurisdictional. There was no case for the cognizance of a court of equity before the chancellor, and the decree dissolving the temporary injunction and dismissing the bill should be and is affirmed.