**The People of the State of Illinois ex rel. G. A. Morrison and Robert Simpson, Appellees, v. Henry Schwiesow et al., Appellants.**

**Gen. No. 6,106.**

1. ROADS AND BRIDGES, § 54*—*when petition to lay out new road contains sufficient number of signatures by landowners.* A petition to lay out a new road, under Rev. St. 1913, ch. 121, sec. 75 [Cal. Ill. St. Supp. 1916, ¶ 10000 (75) ], which is signed by sixteen landowners residing in the township or road district within two miles of the road to be laid out, is sufficient even though they could not constitute two-thirds of the landowners in the township residing within such distance, as the provisions of the statute are alternative.

2. ROADS AND BRIDGES, § 54*—*when petition to lay out new road shows qualification of petitioners.* A petition to lay out a new road under Rev. St. 1913, ch. 121, sec. 75 [Cal. Ill. St. Supp. 1916, ¶ 10000 (75) ], sufficiently shows the qualification of the petitioners where it appears merely from the recitals thereof that they are qualified.

3. ROADS AND BRIDGES, § 55*—*when description of proposed new road in petition for sufficient.* Where the description of a proposed new road in a petition therefor under Rev. St. 1913, ch. 121, sec. 75 [Cal. Ill. St. Supp. 1916, ¶ 10000 (75) ] is reasonably certain, it is sufficient.

4. ROADS AND BRIDGES, § 54*—*when petition for new road sufficiently shows names of owners of lands over which it will pass.* A petition for a proposed new road under Rev. St. 1913, ch. 121,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sec. 75 [Cal. Ill. St. Supp. 1916, ¶ 10000 (75) ], which states that "said proposed road is projected across the land of the following landowners," and gives the names of such landowners, is sufficient.

5. ROADS AND BRIDGES, § 54*—*when questions of vacating of old road and laying out of new need not be included in same petition.* Under the Roads and Bridges Act, ch. 121, sec. 75 [Cal. Ill. St. Supp. 1916, ¶ 10000 (75) ], it is not necessary, although proper, that the questions of the vacating of an old road and the laying out of a new road, even where each is a part of a general plan of improvement to be carried out, be included in one petition to the commissioners of highways.

6. ROADS AND BRIDGES, § 53*—*when petition for vacation of old road and for establishment of new may be considered together.* A petition for the vacating of an old road and one for the laying out of a new road may be contemporaneously considered, and the projects proposed may be carried out simultaneously as part of the same general enterprise.

7. COSTS, § 30*—*when highway commissioners denying petition to vacate old road and to establish new road not personally liable for costs.* Where highway commissioners act in good faith in denying petition to vacate an old road and to lay out a new one, they are not individually liable for costs in mandamus proceedings, to compel their further action in compliance with law, upon judgment going against them.

Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed February 8, 1916.

BARR, MCNAUGHTON & BARR, for appellants.

COWING & KING, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, the People of the State of Illinois, *ex rel.* G. A. Morrison and Robert Simpson, appellees, filed a petition for mandamus, in the Circuit Court of Will county, against Henry Schwiesow, John Kahn, William H. Bisping and Victor Buetin, as Commissioners of Highways of the Township of Peotone, in Will

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county, to compel appellants, as commissioners of highways, to fix a time and place to examine the route of a road, described in a petition filed in the office of the town clerk; and which road was projected across Section 20, in the Township of Peotone, along the north and south center line of the west half of said section, running from the road on the north of the section line, south to the road on the south line of the section; also to fix a time for hearing the reasons for and against the vacating of a road, as proposed by another petition, also filed in the office of the town clerk, and to fix a time and place to examine the route of a proposed new road, and to hear reasons for or against the laying out of the new road proposed in the petition; and to give notice of the times and places of such examinations and hearings, by posting proper notices in the vicinity of the proposed new road, and the road to be vacated, as required by the statute; and to proceed in conformity with the statute concerning the matters embraced in the respective petitions.

The petition for mandamus, as first filed, was amended, and the appellants interposed a general demurrer to the amended petition. The court overruled the demurrer, and appellants decided to stand by their demurrer, whereupon a judgment was entered, taking the facts as alleged in the petition for mandamus, as confessed by the demurrer, and ordering a peremptory writ of mandamus in conformity with the prayer of the amended petition; also entering judgment for costs against appellants, as commissioners, and dismissing the suit as to John Kahn, who had ceased to be one of such commissioners. An appeal was taken from this judgment to this court.

It is urged by appellants that the appellees were not entitled to the writ of mandamus, because the petition to lay out a new road as well as the petition to vacate the old road did not meet the requirements of the statute; that it does not appear from the recitals in the pe-

titions for either the new road or the vacating of the old road that the petitioners constituted two-thirds of the landowners residing within the township, within two miles of the proposed new road, or within two miles of the road sought to be vacated; and that the description of the proposed new road, in the petition, is not reasonably certain; further, that the petition for the proposed new road does not purport to give the names of the owners of the lands over which the road is to pass; also, that it is not averred in the amended petition for mandamus that the petitioners applying for the vacation of the old road or for the establishment of the new road had the required qualifications to sign the same. It is also claimed by appellants that the petition to vacate the old road and the petition to lay out the new road should have been included in the same application, each being a part of the same improvement.

As to the first assignment of error, namely, that two-thirds of the landowners residing in the township within two miles of the proposed new road, or the one sought to be vacated, did not sign such petition, it may be said that the requirements of the statute under which the petitions were drawn are in the alternative; and that while two-thirds of the landowners residing in the township may make such petition, the present statute also grants such right of petition to any number of landowners residing in any town or road district, within two miles of the road to be altered, widened, vacated or laid out. Section 75, chap. 121, Revised Statutes of 1913. [Cal. Ill. St. Supp. 1916, ¶ 10000 (75).] In this case, the number of landowners petitioning is sixteen, which number is more than required in the alternative clause of the statute referred to.

The petition in this case by the People of the State of Illinois is made on the relation of G. A. Morrison and Robert Simpson, who appear on the face of the petition to be two of sixteen landowners, residing within

two miles of the road in question, in the Township of Peotone, and who signed both the petitions for the vacation of the old road and the laying out of the new road. The qualification of the relators as petitioners is therefore apparent from the recitals on the face of the petition. It is not necessary to expressly state facts in the petition to show that those signing the petition were qualified to sign. *Highway Com'rs Town of Afton v. Ellwood*, 193 Ill. 304. All that is required is that the qualification shall appear in the recitals in the petition. 15 Am. & Eng. Encyc. of Law (2nd Ed.) 362; Elliott on Roads and Streets, 296. The description of the road to be laid out is reasonably certain, and therefore sufficient.

It was pointed out by the Supreme Court, in the case of *Henline v. People*, 81 Ill. 272, that: "It was not designed that the petitioners should have the proposed route surveyed, and that the line and every point on the route and at the ends of the route should be inserted in the petition. The proceeding was intended to be practical, so that the common highways of the country might be established without the employment of a corps of scientific men for the purpose, but that the roads might be established by ordinary, practical business men."

The objection that the petition for the proposed new road does not purport to give the names of the owners of the lands over which the road is to pass is also untenable, for the petition states that "said proposed road is projected across the land of the following landowners," giving the names of such landowners. The plain and inevitable inference from the language is that the parties named are owners of the land across which the new road is to be laid out, and therefore sufficient to meet the requirements of the statute. The Roads and Bridges Act referred to does not require that the vacating of an old road and the laying out of

a new road, even where each is a part of a general plan of improvement to be carried out, must be included in one petition; while it would be perfectly proper to include both projects in one petition, it is not necessary to do so. *Brown v. Roberts,* 23 Ill. App. 461; *Anderson v. Wood,* 80 Ill. 19. Moreover, there is nothing in the law which precludes a contemporaneous consideration of both petitions, nor a carrying out of the projects proposed, simultaneously, as parts of the same general plan or enterprise. It is apparent, therefore, that the amended petition for mandamus was not subject to the legal objections raised by the demurrer. The demurrer was properly overruled, and the petition for mandamus, taken as confessed, presented all the necessary facts to show that the appellee was entitled to the peremptory writ of mandamus which the court awarded.

Concerning the judgment for costs, it may be said that the appellants acted in their official and representative capacity; whatever they did, or failed to do, and nothing appears in the record which indicates that they did not act in perfect good faith to do or not to do what they believed to be their duty or right in the matter. It would not have been legally proper, under these circumstances, to have assessed the costs against the appellants individually. *McKay v. Riley,* 135 Ill. 586.

There is no error in the record, and the judgment awarding the writ of mandamus should therefore be affirmed.

*Affirmed.*

Mr. Presiding Justice Dibell took no part.